

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0321-11

**ANIBAL VASQUEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### FORT BEND COUNTY

COCHRAN, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and ALCALA, JJ., joined. PRICE, J., filed a concurring opinion. MEYERS, J., did not participate.

### O P I N I O N

Appellant was charged with aggravated robbery. The evidence at trial showed that he and his two roommates hatched a scheme to steal money at gunpoint from a woman driving a taqueria truck. He was the designated getaway driver. The abstract section of the jury charge defined the law of parties, and the application paragraph stated that the jury should find appellant guilty if he was "acting alone or as a party (as herein defined)" in

committing aggravated robbery.  Appellant's defense was that he was merely present when his roommates committed the robbery.  The jury convicted him.  The  court of appeals, relying on this Court's plurality opinion in *Johnson v. State*,[1]  found reversible error because the trial judge, over appellant's objection, declined to apply the law of parties more explicitly in the application paragraph.[2]  We granted the State's petition to decide whether objected-to error in the application paragraph is subject to the usual *Almanza*[3] harm analysis or a per se finding of harm.[4]  We conclude that the usual *Almanza* factors apply and that any error in the present application paragraph was harmless.  We overrule *Johnson* to the extent that it suggests a per se finding of harm.

I.

One Friday afternoon, Jenny Funez-Guevara was driving her husband's taqueria truck through the Cinco Ranch area selling tacos and drinks to home-construction workers when two laborers flagged her down.  The men were wearing hard hats and red T-shirts.  Jenny

---

[1] 739 S.W.2d 299 (Tex. Crim. App. 1987) (plurality op.).

[2] *Vasquez v. State*, 342 S.W.3d 750, 759 (Tex. App.–Houston [14th Dist.] 2011).

[3] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)

[4] The State's question for review reads as follows:
If refusing a request to cut the general application of the law of parties and copy the abstract paragraph into the application paragraph is error, should there be "some harm" per se because the State prosecuted the defendant on a parties theory as in *Johnson v. State*, 739 S.W.2d 299, 305 (Tex. Crim. App. 1987) (en banc) (plurality op.), or should harm be determined in [the] context of the entire record as in *Watson v. State*, 693 S.W.2d 938, 941 (Tex. Crim. App. 1985), and *Nelson v. State*, 297 S.W.3d 424, 433-34 (Tex. App.–Amarillo 2009, pet. ref'd)?

pulled her truck over, got out, and opened the side window so that her cook, Zulma, could hand out whatever food the workers ordered.  As Jenny opened the window, the taller man "stuck his gun" in her stomach and told her not to move or talk.  Jenny was scared that the man could kill her, so she obeyed him.   The second man got into the back of the truck and held a gun to Zulma's head.  The taller man told Jenny to get back into the driver's seat, and then he got into the truck.  He sat on the ice box beside Jenny, put his gun to her stomach, and told her to start driving.  He said he would kill her if she did not keep driving.  After a few minutes, Jenny began to cry so hard that she couldn't keep driving.  She stopped the truck on a deserted street where no homes had been built yet.  The tall man told her to get in the back of the truck with Zulma.  He demanded all of Jenny's money–about $500–and her cell phone.  The two robbers also took Zulma's earrings and her ring.

When the two robbers got out of the taqueria truck, they told Jenny not to turn around or they would kill her.  But Jenny looked in her rearview mirror and saw a burgundy Suburban that had been following them now stopped right behind her truck.  She saw the man who was driving the Suburban.  It was appellant.  She also saw the Suburban's license plate number, even though the robbers tried to cover it up as she drove off.  She asked Zulma for a pencil and quickly wrote down the license plate number on her hand.  Jenny soon found some men who were mowing a lawn and borrowed their cell phone to call the police.

The police quickly responded.  Jenny gave them a description of the two robbers and the getaway driver.  She showed them the license plate number of the burgundy Suburban.

Officers soon spotted the Suburban and pulled it over.  One of the robbers jumped out of the car, threw his gun away, and ran off.  He was caught after a short foot chase.  Appellant stayed in the driver's seat of the Suburban and was arrested along with the second robber.  The officers found approximately $500 in the center console of the Suburban, along with a second gun.  Jenny identified all three men in a field line-up before they were taken to jail.

Appellant gave a videotaped confession in Spanish.  A detective translated that oral confession into a written English statement that appellant signed.  It read, in pertinent part,

> On Friday, November 14, 2008, I was the driver in a robbery that my friends, [Edwin] and Alex Martinez, asked me to help them with last night in our apartment in Houston, Texas.  I had told them I needed money to help my sick son, Jose Duban, who lives in Mexico with my wife, Zenae Palacios.  They told me that all I needed to do was drive Alexis' truck.  I drove to [the] area of Cinco Ranch as I had heard there was a lot of work there.  Alex and [Edwin] told me to wait until they found a truck to rob.  About 5-7 minutes later, Alex and [Edwin] got onto a taco truck and I followed them after Alex signaled me. I followed the taco truck for about 5 minutes until they got [off of] it and into our truck.  That is when I saw Alex and [Edwin] with a revolver on each of their persons.  Alex also had a wad of cash money in his left pants pocket that he showed me.  I drove towards TX 99 and continued south until we were stopped by the police.  Alex and [Edwin] ran but I stayed in the truck until the officers told me to get out and I was handcuffed.

At trial, appellant testified that he had lived in Houston with Alexis Martinez and Edwin Maldonado for about a year.  He framed houses for a subcontractor and had worked with Alexis and Edwin on the last two houses.  He said that he drove to Cinco Ranch on the day of the robbery to look for work, and Alexis and Edwin rode with him.  When they got out of the Suburban, he went to look for work at a construction site a few houses away.  He noticed that Alexis was with a girl at the taco truck, but when appellant returned to pick up

his friends, they were gone. He thought that they were in the taco truck, so he followed the truck for about five minutes. When the taco truck stopped, he did too. His friends got out of the taco truck and came back to Alexis's Suburban. He did not see any money or guns until Alexis showed them to him in the Suburban. Appellant denied telling Detective Williams that he was involved in the robbery or knew what Alexis and Edwin were going to do. The detective refused to accept appellant's explanation and said, "If you don't tell me that you participated in it, it's going to be worse for you. . . . [the detective] told me that if I cooperated I would be better off and also that no good food was served in the jail."

At the charge conference, appellant objected to the application paragraph:[5]

---

[5] The jury charge contained the abstract paragraphs concerning the law of parties, and those paragraphs were immediately followed by the application paragraph:

III.

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

Each party to an offense may be charged with the commission of the offense.

A person is criminally responsible for the offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Mere presence alone will not constitute one a party to the offense.

IV.

Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about November 14, 2008, in Fort Bend County, Texas, the defendant, [Anibal] Vasquez, acting alone or as a party (as

I believe–Paragraph Four, I believe the correct application is, first of all, they just have as defined.  I believe the proper one is either the defendant while in the course of committing theft of property, and then or that Alexis Martinez did intentionally and knowingly while in the course of committing theft of property, and that the defendant participating with the intent to promote, assist, acting–whatever that language is in there–did aid, assist, et cetera.

The prosecutor noted that the requested language "is indirectly in there because it says as a party, and that is in Paragraph Three where it talks about all of the definitions about how someone acts as a party."  The trial judge overruled the objection and asked appellant's counsel if he had his "suggested change in written form."  He did not.

During his closing argument, the prosecutor focused on appellant's role as the getaway driver during the robbery.  He explained to the jury,

> In Paragraph Three, what I have asked for is a thing called the law of parties.  There is no question when we get to the application paragraph here that we all know that Anibal Vasquez didn't go up to Jenny and stick the gun in her face.  We all know that he was the getaway driver; that's fairly obvious.  . . .
>
> When you look at the law of parties, it's this third paragraph.  Person criminally responsible for an offense committed by another person if you act with intent to promote or assist in the commission of the offense, you either solicit, encourage, direct, aid or attempt to aid the other person to the offense.
>
> When you-all get back there that's your key language and that's why it says acting, assist or as a party as herein defined.  I think that's fairly self-explanatory, so I'm not going to take up any more of your time on it.

---

herein defined), while in the course of committing theft of property owned by Jenny Funez-Guevara, and with the intent to obtain or maintain control of the property, intentionally or knowingly threatened or placed Jenny Funez-Guevra in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to wit: a firearm, then you will find the defendant "Guilty" of the charge of Aggravated Robbery as alleged in the indictment.

Appellant's counsel stressed a different portion of the abstract law of parties:

> [The prosecutor] tells you that this is an easy, slam-dunk case, but go back to this (indicating) page of the charge here. "Mere presence alone does not constitute one a party to the offense."
>
> Just because he was with those guys that day doesn't mean he was involved because sometimes you have people you're with who do stupid things and you get caught up in it.
> . . .
> Just because you live with some people who do some bad things doesn't mean you're guilty by association.
> . . .
> And I would like to add there is no duty, no dispute that a robbery happened, okay, but you can't take those facts and pin it on him unless there is evidence sufficient to connect him with it to show he actually knew what was going on and they just haven't done that, folks.

After less than an hour's deliberation, the jury returned a guilty verdict. It then sentenced appellant to nineteen years in prison.

On appeal, appellant claimed that the trial judge erred because he did not fully instruct the jury on the law of parties in the application paragraph of the jury charge. The court of appeals, relying upon the 1987 plurality opinion, *Johnson v. State*,[6] held that "the trial court reversibly erred by overruling appellant's objection to the trial court's failure to apply the law of parties to the facts of the case in the application portion of the charge."[7] The court of appeals remanded the case for a new trial.

II.

---

[6] 739 S.W.2d 299 (Tex. Crim. App. 1987) (plurality op.).

[7] *Vasquez*, 342 S.W.3d at 759.

The purpose of the trial judge's jury charge is to instruct the jurors on all of the law that is applicable to the case.[8] "Because the charge is the instrument by which the jury convicts, [it] must contain an accurate statement of the law and must set out all the essential elements of the offense."[9] In examining the charge for possible error, reviewing courts "must examine the charge as a whole instead of a series of isolated and unrelated statements."[10]

The application paragraph is that portion of the jury charge that applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations.[11] Because that paragraph specifies the factual circumstances under which the jury should convict or acquit, it is the "heart and soul" of the jury charge.[12]

---

[8] *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).

[9] *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995).

[10] *Id.* In *Dinkins*, capital murder and murder were both defined in the abstract portion of charge, but the application paragraph did not allege a culpable mental state for the second murder. Nevertheless, the application paragraph was not defective because the jury could convict of capital murder only if it found that both killings were "murders," and the abstract portion of the charge provided the definition of murder contained in the penal code. The jury was therefore indirectly instructed that the defendant committed capital murder only if both killings were committed intentionally or knowingly. *Id.* at 339-40.

[11] *See Gray v. State*, 152 S.W.3d 125, 127-28 (Tex. Crim. App. 2004) ("It is not enough for the charge to merely incorporate the allegation in the charging instrument. Instead, it must also apply the law to the facts adduced at trial. This is because '[t]he jury must be instructed under what circumstances they should convict, or under what circumstances they should acquit.' Jury charges which fail to apply the law to the facts adduced at trial are erroneous.") (footnotes and some quotation marks omitted); *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996) ("It is not the function of the charge merely to avoid misleading or confusing the jury; it is the function of the charge to lead and to prevent confusion. A charge that does not apply the law to the facts fails to lead the jury to the threshold of its duty: to decide those fact issues.") (quoting *Williams v. State*, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977)).

[12] *See Gray*, 152 S.W.3d at 128.

When a definition or instruction on a theory of law–such as the law of parties–is given in the abstract portion of the charge, the application paragraph must

(1)     specify "all of the conditions to be met before a conviction under such theory is authorized";[13]

(2)     authorize "a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers";[14] or

(3)     "contain[] some logically consistent combination of such paragraphs."[15]

Thus, if the application paragraph "necessarily and unambiguously" refers to another paragraph of the jury charge, then a conviction is authorized, and the trial judge need not *sua sponte* "cut and paste" that definition into the application paragraph.[16]  For example, in *Chatman v. State*,[17] we held that an application paragraph that incorporated the law of parties by stating that the defendant "either acting alone or as a party, as that term has been defined," sufficiently applied the law of parties to the facts of the case.[18]  We stated,

---

[13] *Plata v. State*, 926 S.W.2d 300, 304 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997).

[14] *Id.*

[15] *Id.*

[16] *Id.*; *see, e.g., Holland v. State*, 249 S.W.3d 705, 708-09 (Tex. App.–Beaumont 2008, no pet.) (application paragraph that began with "Now, in light of the law on self-defense as instructed herein," was not erroneous for failing to repeat the abstract law concerning self-defense into the application paragraph; "[i]t is unnecessary to repeat every abstract definition in the application paragraph of the jury charge.").

[17] 846 S.W.2d 329 (Tex. Crim. App. 1993).

[18] *Id.* at 332.

> A jury following the wording of the application paragraph in the instant case could find appellant guilty as the primary actor *or* it could find appellant guilty as a party.  Further, the jury could, by the instructions in the application paragraph, refer to the definition of parties in the abstract portion of the charge to determine whether appellant's actions met that definition.[19]

Thus, there was no "fundamental" error in failing to cut and paste the abstract definition of the law of parties into the application paragraph.  In *Chatman*, the defendant had not objected to the application paragraph or requested "a more explicit application of a particular method of acting as a party[.]"[20]

Similarly, in *Marvis v. State*,[21] the defendant did not object to the application paragraph that the jury should find the defendant guilty of murder if, "either acting alone or together" with another specified person, he killed the deceased.  In that case, "the use of the phrase 'acting together' in the application portion  of the charge is a reference to the abstract portion, which equates 'acting together' with 'party.'"[22] Thus, the jury could refer back to the abstract definition of the law of parties in  determining whether the defendant was criminally responsible for the conduct of the other assailant.[23]  The defendant failed to show that an application paragraph that simply mentioned "acting together" instead of setting out the law

---

[19] *Id.*

[20] *Id.*; *see also Jackson v. State*, 898 S.W.2d 896, 899 (Tex. Crim. App. 1995) (general reference to the law of parties in the application paragraph was sufficient when defendant did not request a more specific instruction).

[21] 36 S.W.3d 878 (Tex. Crim. App. 2001).

[22] *Id.* at 880.

[23] *Id.*

of parties caused him egregious harm when he had failed to request any specific narrowing.[24]

Conversely, in *Plata v. State*, we held that an application paragraph that made no mention of the law of parties "either directly or by reference . . . for an offense committed by the conduct of his codefendant," was erroneous, and the defendant was harmed because the evidence was insufficient to convict him as a principal.[25]

In sum, a general reference to the law of parties in the application paragraph is sufficient and is not error[26] when the defendant does not object and request a narrowing of the specific statutory modes of conduct that constitute party liability–whether he "solicited, encouraged, directed, aided or attempted to aid"[27] another specified person to commit the offense. But if the defendant does request that the application paragraph refer *only* to those specific party-liability acts that are supported by the evidence, then he is entitled to such a narrowing.[28] The failure to narrow the specific modes of party-liability conduct when

---

[24] *Id.*

[25]  926 S.W.2d 300, 304 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997).

[26] *See Posey v. State*, 966 S.W.2d 57, 61-62 (Tex. Crim. App. 1998).

[27] *See* TEX. PENAL CODE § 7.02 (a)(2) ("A person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense").

[28] *See Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995) ("A defendant who objects to a general reference to the law of parties in the application paragraph is entitled to increased specificity and to have the law of parties applied to the facts of the case."); *Johnson v. State*, 739 S.W.2d 299, 305 n.4 (Tex. Crim. App. 1987) (plurality op.); *Cf. Ransom v. State*, 920 S.W.2d 288, 303 (Tex. Crim. App. 1996) ("[A]ssuming, *arguendo*," that defendant was entitled

properly requested is reversible error if the defendant has suffered actual harm to his rights.[29]

Under *Almanza*, we assess whether the defendant has suffered actual harm "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."[30] That general approach applies to all jury-charge error, including the failure to specifically apply the law of parties in the application paragraph.[31]

With that general background, we turn to the present case.

### III.

---

to a narrowing of the statutory acts constituting party liability had he so requested, he failed to object in the trial court; thus a general reference to party liability sufficed).

[29] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g) ("If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of defendant,' which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.").

[30] *Id.*; *Cook v. State*, 884 S.W.2d 485, 491-92 (Tex. Crim. App. 1994) ("[F]inding error in the jury charge begins, rather than ends, the appellate court's inquiry. The next step is to make an evidentiary review, as well as a review of the record as a whole which may illuminate the actual, not just theoretical harm to appellant.").

[31] *See, e.g.*, *Marvis*, 36 S.W.3d at 880 (actual degree of harm concerning jury-charge error in failure to apply abstract law of parties in application paragraph is assayed in light of entire jury charge, state of the evidence, argument of counsel, and other relevant information); *Watson v. State*, 693 S.W.2d 938, 941 (Tex. Crim. App. 1985) (under *Almanza*, burglary defendant was not harmed by inclusion of phrase "acting alone" as well as acting "as a party, to the offense" in application paragraph; evidence showed defendant's guilt as a party, and State's argument focused solely on that theory); *Dennis v. State,* 925 S.W.2d 32, 38-39 (Tex. App.–Tyler 1995, pet. ref'd) (trial judge's refusal of defendant's requested application charge on the law of parties narrowed to the facts of case in aggravated-robbery prosecution was harmless under *Almanza*; if judge had given defendant an application paragraph on the law of parties, it would have given jury choice of finding defendant guilty as principal or as party, and evidence of defendant's guilt was ample under either theory, but more so under the law of parties).

Here, appellant objected to the trial judge's failure to incorporate the abstract definition of the law of parties into the application paragraph. He said that a proper application paragraph would (1) include the names of the actual robbers,[32] and (2) include the abstract definition of the law of parties.[33] Appellant did not request that the application paragraph refer to only one or some of the specific statutory acts–solicits, encourages, directs, aids, or attempts to aid–that constitute the conduct of party responsibility. He appeared to want the trial judge to "cut and paste" the entire abstract definition of the law of parties set out in Section III of the charge into Section IV of the charge.[34]

The court of appeals held that the application paragraph in this case was "substantially similar" to that given in *Johnson v. State*, because it (1) instructed the jury on the law of

---

[32] Appellant mentioned the name of only one of the robbers, Alexis Martinez, but presumably he meant that the name of the other robber, Edwin Maldonado, should also have been included in the application paragraph.

[33] Specifically, appellant asked that the phrase "that the defendant participating with the intent to promote, assist, acting–whatever that language is in there–did aid, assist, etcetera," be included.

[34] The State petitioned this Court to review the court of appeals's preservation of error analysis. In its second question for review, the State asked the following:
> Is a request to copy the abstract paragraph on the law of parties into the application paragraph sufficiently specific when only part of the requested application paragraph is dictated for the record, only one of the two principal actors is identified in the requested instruction, the trial court asks for a written instruction and none is provided, and the requestor fails to explain why the general instruction applying the law of parties will not suffice?

We did not grant that question for review; thus we assume, without deciding, that appellant's objection preserved error.

parties in the abstract; (2) contained an application paragraph that instructed the jury to find

the defendant guilty if the jury found, beyond a reasonable doubt, that he committed the

offense "either acting alone or with another or others as a party, as that term has heretofore

been defined"; and (3) did not "apply the law of parties to the facts of the case in the

application paragraph."[35]  Thus, the court of appeals found error in this case just as a plurality

of this Court had found jury-charge error in *Johnson*.  The State petitioned this Court to

address whether the trial judge in this case erred at all,[36] but we did not grant review of that

question.  Therefore, we will assume that it was error to fail to list the names of the two

actual robbers in the application paragraph and to cut and paste the abstract definition of the

law of parties into the application paragraph.

The court of appeals explained that the State's sole theory at trial "was that appellant

was guilty as a party because he was the driver of the getaway vehicle.  Under these

circumstances, the trial court reversibly erred by overruling appellant's objection to the trial

court's failure to apply the law of parties to the facts of the case in the application portion of

the charge."[37]  The court cited to *Johnson*, while noting that the Amarillo Court of Appeals

---

[35] *Vasquez*, 342 S.W.3d at 755.

[36] The State's first question for review was as follows:
This Court has held that a reference to the abstract paragraph is sufficient to apply the law
of parties, is it error to refuse a request to copy and paste the abstract paragraph on the
law of parties into the application paragraph when the only reason for the request is "I've
always seen them that way"?

[37] *Vasquez*, 342 S.W.3d at 759 (footnote omitted).

has held that a similar charge error was harmless in a more recent case, *Nelson v. State*.[38]  In disavowing the *Nelson* reasoning and result, the court of appeals stated, "this court must follow *Johnson*," and therefore did not conduct the usual *Almanza* review for harm.[39]

First, we note that *Johnson* was only a plurality opinion and therefore has no binding precedential value.[40]  The court of appeals was not required to follow *Johnson*, and *Johnson* did not conduct the usual *Almanza* harm analysis.  To the extent that *Johnson* can be read to short circuit a full *Almanza* analysis, we overrule it.

Second, the court of appeals summarily found harm because there was no evidence that appellant was guilty as a principal.[41]  There was no evidence that appellant was one of the two actual robbers, but that fact, by itself, does not make the purported error harmful. *Almanza* holds that the existence and degree of harm  must be evaluated in light of the entire charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record.[42]  The harm analysis should not simply repeat the error analysis.[43]

---

[38] *Id*. at 759 n.8 (citing, with disapproval, *Nelson v. State*, 297 S.W.3d 424, 433-34 (Tex. App.–Amarillo 2009, pet. ref'd)).

[39] *Id.*

[40] *Pearson v. State*, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999) (noting that a plurality opinion is not binding precedent); *see also Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *State v. Hardy*, 963 S.W.2d 516, 519 (Tex. Crim. App. 1997).

[41] *Vasquez*, 342 S.W.3d at 759.

[42] *Almanza*, 686 S.W.2d at 171.

[43] *Barron v. State*, 353 S.W.3d 879, 884 (Tex. Crim. App. 2011) (court of appeals's "harm analysis simply repeats its error analysis," rather than applying the *Almanza* factors);

Under an *Almanza* analysis, we look first to the jury charge as a whole. Here, the jury charge contained the correct abstract definition of party liability in Section III. The very next section contained the application paragraph. That paragraph explicitly stated that the jury should find appellant guilty if, "acting alone or as a party (as herein defined)" he committed aggravated robbery. The jury needed only to refer to the previous section, which defined criminal responsibility as a party. Neither at trial nor on appeal has appellant suggested how, if at all, this reference might have confused or misled the jury. His request for including the abstract definition in the application paragraph was based solely on his statement that this was how "I've always seen them." We conclude that a reasonable jury would refer to the abstract definition of the law of parties without needing to have it repeated again in the application paragraph.

Turning to the second factor, the evidence at trial, there is no question that the only theory of appellant's liability was that of being a party. He was, according to the State's evidence, the getaway driver. No evidence suggested that he was one of the two actual robbers. Although the trial judge did not name Alexis Martinez and Edwin Maldonado in the application paragraph, there was no dispute at trial that those two men were the ones who actually carried guns, threatened Jenny and Zulma, and stole money and other property from the women. In his confession, appellant clearly admitted that he acted as the driver for his roommates, Martinez and Maldonado, after the threesome hatched the robbery scheme the

---

*Olivas v. State*, 202 S.W.3d 137, 146 (Tex. Crim. App. 2006) ("The court of appeals failed to analyze each *Almanza* factor and its ultimate conclusion is not supported by the record").

night before.  From that confession, a reasonable juror could infer that appellant was the one who "solicited," "encouraged," or "directed" the other two to commit the robbery when he told them that he needed money for his sick son.  A reasonable jury certainly could have concluded that appellant "aided" or "attempted to aid" his roommates in carrying out that robbery scheme by acting as the getaway driver of Martinez's Suburban.  Appellant neither requested, nor was he entitled to, any narrowing of the statutorily enumerated acts of party liability.  At best, he was entitled to have the entire abstract definition cut and pasted into the application paragraph.

As for the third factor, the arguments of counsel, the State fully addressed its sole theory of party liability in its closing argument.  The prosecutor began his argument by referring the jury to the abstract definition of party liability.  He paraphrased the definition of the law of parties and explained precisely how that law applied to the evidence:

> There is no question when we get to the application paragraph here that we all know that Anibal Vasquez didn't go up to Jenny and stick the gun in her face.  We all know that he was the getaway driver; that's fairly obvious.

He explained that the abstract definition was the "key language" and the application paragraph simply referred back to it.  Because it was "fairly self-explanatory," he would not belabor it.

Defense counsel, like the prosecutor, also stressed the section dealing with the abstract definition of the law of parties.  He pointed to the sentence that reads, "Mere presence alone will not constitute one a party to the offense."  That portion of the abstract law is never

included in the application paragraph, but that sentence was crucial for the defense because appellant testified at trial that he was an innocent bystander who merely drove Martinez's Suburban to the construction site. He went looking for work while his two roommates, unbeknownst to him, committed the robbery. He had no idea that they were carrying guns or that they had taken money and other property from Jenny and Zulma. He followed the taqueria truck just because he had a feeling that his roommates were inside of it. Appellant's counsel told the jury that "the key to this, they are to prove each of those elements, including acting as a party, beyond a reasonable doubt and they haven't done that[.]" Counsel agreed that there was "no dispute that a robbery happened, okay. . . . But you can't take those facts and pin it on him unless there is evidence sufficient to connect him with it to show he actually knew what was going on and they just haven't done that, folks."

Thus, the prosecutor and defense counsel were clear in their respective positions: appellant either was the getaway driver who helped hatch the robbery scheme the night before with his two roommates or he was a simple dupe who merely drove Martinez's Suburban to the site of the robbery and innocently followed the taqueria truck down the street. Appellant does not suggest how the jury might have been confused by this application paragraph and its reference to the law of parties, and there is nothing in the record that suggests that they were confused or misled. If the law of parties is correctly defined in the abstract section, it is unlikely that any error in failing to copy and paste all of that definitional language into the application paragraph makes any practical difference to a jury. This is

especially true if the law of parties is the focus of the evidence and is correctly argued, as it was in this case.   After we carefully reviewed the entire record, "it is inconceivable to us how the jury could have been misled by the court's charge."[44]

Applying a straightforward *Almanza* analysis, we do not find that appellant's rights were harmed by the failure to include the abstract definition of the law of parties in the application paragraph.[45]   We therefore reverse the judgment of the court of appeals and affirm the trial court's judgment.

Delivered: October 3, 2012
Publish

---

[44] *Watson v. State*, 693 S.W.2d 938, 940 (Tex. Crim. App. 1985) (jury application paragraph that authorized conviction if the jury found that the defendant "acting either alone or as a party to the offense" committed burglary was harmless under *Almanza* analysis when there was no evidence to support conviction as a principal; jury must have found defendant guilty as a party).

[45] *See Nelson v. State*, 297 S.W.3d 424, 433-34 (Tex. App.–Amarillo 2009, pet. ref'd) (finding harmless error under *Almanza* when law of parties was correctly set out in abstract definition section, application paragraph stated that defendant acted "either as an individual or as a party," evidence showed that defendant's conduct was "integrally related" to the murder victim's death, the prosecutor's argument was consistent with the defendant's participation in the murder, and "[n]othing in this record demonstrates how appellant was harmed in anyway by the trial court's failure to give the more specific charge in the application paragraph.").