**AFFIRM; and Opinion Filed February 5, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-00013-CR
No. 05-17-00014-CR

**DEION XAVIER JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1520892-V and F-1520893-V**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Boatright
Opinion by Justice Boatright

A jury convicted Deion Xavier Jones of two aggravated robbery offenses arising from the same criminal transaction. The jury assessed punishment at 25 years' imprisonment for the first charged offense and six years' imprisonment for the second. The trial court rendered separate judgments of conviction that ordered the sentences to run concurrently. Jones appeals and raises a single issue contending that each of the punishment charges in his trial was fundamentally erroneous. We affirm.

The State's cases against Jones were tried together. The State presented evidence during the punishment phase of the trial that Jones was criminally responsible for two extraneous murders. This evidence could not be considered by the jury in assessing punishment unless it was satisfied beyond a reasonable doubt that the extraneous offenses were attributable to Jones. *Huizar v. State*,

12 S.W.3d 479, 484 (Tex. Crim. App. 2000). The trial court was also required to submit an instruction in the punishment charge that the jury could not consider evidence of extraneous bad acts and offenses unless it was satisfied beyond a reasonable doubt that such acts and offenses were attributable to Jones. *Id.* Accordingly, each punishment charge in Jones's trial instructed the jury that:

> [I]f there is any testimony before you in this case regarding the defendant having committed offenses or acts other than the offense alleged against him in the indictment in this case, you cannot consider such testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses or acts, if any were committed.

Notwithstanding this instruction, Jones faults each punishment charge for not also setting forth the elements of the offense of murder.

In reviewing a complaint of alleged jury charge error, we first determine whether the charge was erroneous. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).[1] Jones contends that "the jury must be informed of the factual circumstances under which they can find that the State has proven commission of an offense and such is the heart and soul of the jury charge," relying on *Vasquez v. State*, 389 S.W.3d 361, 367 (Tex. Crim. App. 2012), and on *Riley v. State*, 447 S.W.3d 918, 922 (Tex. App.—Texarkana 2014, no pet.). The foregoing cases address the requirements of a guilt-innocence charge. Because such a charge is the instrument by which the jury convicts, it must set out all of the essential elements of the offense. *Vasquez*, 389 S.W.3d at 366; *Riley*, 447 S.W.3d at 922. In contrast, the trial court need not charge the jury on the essential elements of an extraneous offense offered during the punishment phase. *Adams v. State*, 502 S.W.3d 238, 245 (Tex. App.—Houston [14th Dist.] 2016, pet ref'd). This is so because the burden of proof in the punishment phase is "applied to a defendant's involvement in the act itself, instead

---

[1] Even if there was error, it must be "fundamental" if, as in this case, the defendant did not object. *Barrios*, 283 S.W.3d at 350. However, our determination that there was no error here renders unnecessary any consideration as to whether the purported error was fundamental.

of the elements of a crime necessary for a finding of guilt." *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). The question at punishment is not whether the defendant has committed a crime, but instead what sentence should be assessed. *Id.* While the guilt-innocence phase requires the jury to find the defendant guilty beyond a reasonable doubt of each element of the charged offense, "the punishment phase requires the jury only [to] find that these prior acts are attributable to the defendant beyond a reasonable doubt." *Id.*

In sum, the district court did not err in failing to charge the jury on the elements of the offense of murder during the punishment phase of Jones's trial. We overrule Jones's sole issue and affirm the district court's judgments.

/Jason Boatright/
_____
JASON BOATRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2

170013F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

DEION XAVIER JONES, Appellant

No. 05-17-00013-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1520892-V.
Opinion delivered by Justice Boatright.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 5th day of February, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEION XAVIER JONES, Appellant

No. 05-17-00014-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1520893-V.
Opinion delivered by Justice Boatright.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of February, 2018.