In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00196-CR**
_____

**WILLIAM MICHAEL MUNN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. 24601**

**MEMORANDUM OPINION**

A Polk County grand jury indicted William Michael Munn for the offense of

evading arrest or detention with a vehicle, a third-degree felony. *See* Tex. Penal Code

Ann. § 38.04(a), (b) (West 2016).[1] The indictment also alleged one prior felony

conviction for purposes of enhancement which, if true, would make the offense a

---

[1] We cite to the current version of the statute, as it does not affect the outcome
of this appeal.

1

second-degree felony. *See* Tex. Penal Code Ann. § 12.42(a) (West Supp. 2018). Munn pled not guilty, but the jury found him guilty. During sentencing, Munn also pled not true to the enhancement paragraph. After receiving a presentencing investigation report, the trial judge found the enhancement paragraph to be true and sentenced Munn to fifteen years confinement. In one issue, Munn asserts the application paragraph of the court's charge did not include as an element of the offense that he knew the person from whom he fled was a peace officer attempting to lawfully detain him, and this charge error caused him egregious harm.

### Background

In the early morning hours of September 26, 2015, Texas Department of Public Safety Trooper Ramey Bass was in his marked Dodge Charger. While parked at a gas station on Highway 59 in Polk County, Texas with his windows down, Trooper Bass heard a vehicle approaching at a high rate of speed. He observed a black Ford Mustang GT traveling northbound on Highway 59. He was able to get a radar reading on the vehicle's speed, which was over one hundred miles per hour. Trooper Bass testified he began following the vehicle and activated his lights and sirens in an attempt stop the driver. Instead of slowing down, Trooper Bass testified the vehicle accelerated to speeds between 130 to 140 mph.

At trial, the State admitted the dashcam video of the pursuit. The patrol vehicle's lights could be seen flashing in the video. Many other cars on the roadway pulled over to the shoulder as the trooper's vehicle approached. During the pursuit, the suspect's vehicle could be seen approaching several other cars on the roadway and swerving at the last moment to avoid them. After traveling through several small communities on Highway 59 in Polk County, the Mustang veered off the road to the left in the town of Corrigan, Texas, crashing through several fences. Munn cannot be seen in the video, but law enforcement officers can be heard repeatedly telling him to show his hands, indicating he did not comply. Munn did not speak to Trooper Bass or any of the other law enforcement officers when they made contact. Trooper Bass can be heard saying repeatedly on the video that it appeared Munn was under the influence of something. However, blood test results taken from Munn that day later came back negative. At trial, Trooper Bass testified Munn was "in some sort of state. I don't know if it was mental or drug induced." Trooper Bass testified Munn did not speak, comply, or do anything they asked him to do. The trooper said Munn just stared at them and did not appear to have any comprehension of what they were saying to him.

The only exhibit admitted during the guilt or innocence phase of the trial was the dashcam video, and Trooper Bass was the only witness to testify. During the

charge conference, neither the State nor the defense had any objections to the proposed charge. The court's charge to the jury contained the following language in the abstract portion, "[o]ur law provides that a person commits an offense of [e]vading [a]rrest or [d]etention if he intentionally flees from a person *he knows is a peace officer* attempting lawfully to arrest or detain him." (Emphasis added). However, the application portion of the charge read as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 26th day of September, 2015, in Polk County, Texas, the Defendant, William Michael Munn, did intentionally flee from Ramey Bass, hereafter styled the Complainant, a peace officer employed by Department of Public Safety Highway Patrol, lawfully attempting to detain the Defendant, and the Defendant used a motor vehicle while he was in flight[,] then you will find the Defendant guilty as charged.

The application paragraph omitted the language regarding Munn's knowledge that Trooper Bass was a peace officer. The indictment, however, contained the "knowing" language, which the trial judge read in open court after the jury was impaneled but prior to opening statements.

The jury convicted Munn, and having found the enhancement paragraph true, the trial court sentenced Munn to fifteen years in TDCJ. This appeal ensued.

**Standard of Review**

The trial court is required to provide the jury with a written charge setting forth the law applicable to the case prior to the presentation of closing statements.

4

Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007). If there is error in the court's charge "the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." *Id.* art. 36.19 (West 2006). *Almanza v. State* sets out the standard of review for jury charge error. 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Our review of charge error is a two-step process. *See id.* First, we must determine if there was error in the court's charge. *See id.*; *see also Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If a reviewing court determines there was error in the charge, it then assesses the level of harm. *Taylor*, 332 S.W.3d at 489; *Ngo*, 175 S.W.3d 743–44; *Almanza*, 686 S.W.2d at 171.

Almanza construed article 36.19 as providing two distinct standards of jury charge error. *See Taylor,* 332 S.W.3d at 489; *Almanza*, 686 S.W.2d at 171. *Almanza* further explained the two standards set forth in article 36.19 depended upon whether a defendant made a timely objection to the charge. *See Almanza*, 686 S.W.2d at 171; *see also Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016); *Taylor*, 332 S.W.3d at 489. If a timely objection was made in the trial court, a reviewing court will reverse if the error is "calculated to injure the rights of [the] defendant," which the Court of Criminal Appeals has interpreted to mean "some harm." Tex.

5

Code. Crim. Proc. Ann. art. 36.19; *Taylor*, 332 S.W.3d at 489; *Ngo*, 175 S.W.3d at 743; *Almanza*, 686 S.W.2d at 171. On the other hand, if a defendant does not make a timely objection to the charge, the reviewing court will not reverse unless the error resulted in egregious harm to the defendant, which means he did not receive a "fair and impartial trial." Tex. Code. Crim. Proc. Ann. art. 36.19; *Marshall*, 479 S.W.3d at 843; *Taylor*, 332 S.W.3d at 489; *Almanza*, 686 S.W.2d at 171. In determining whether charge error is egregious we consider: (1) the entirety of the jury charge; (2) the state of the evidence; (3) counsel's arguments; and (4) any other relevant information contained in the entire trial record. *See Marshall*, 479 S.W.3d at 843; *Taylor*, 332 S.W.3d at 489; *Almanza* 686 S.W.2d at 171.

**Analysis**

The statute governing the offense of evading arrest or detention provides "[a] person commits an offense if he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." *See* Tex. Penal Code Ann. § 38.04(a). A defendant is entitled to have the trial court submit a written charge to the jury containing the law applicable to the case. Tex. Code Crim. Proc. Ann. art. 36.14. Failure to instruct the jury on an element of the offense is subject to a harmless-error analysis. *Olivas v. State*, 202 S.W.3d 137, 143 (Tex. Crim. App. 2006). In the present case, although the trial court submitted the offense in the abstract portion of the

6

charge, it failed to include "knows is a peace officer" in the application portion of the charge.[2] *See* Tex. Penal Code Ann. § 38.04(a).

The application paragraph applies the pertinent penal law, abstract definitions, and general principles to the specific facts and the indictment allegations. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012). Since the application paragraph "specifies the factual circumstances under which the jury should convict or acquit, it is the 'heart and soul' of the jury charge." *Id.* at 367. It is this paragraph that authorizes the jury to act. *Jones v. State*, 815 S.W.2d 667, 669 (Tex. Crim. App. 1991).

Because the application paragraph omitted the element that Munn knew Trooper Bass was a peace officer, we conclude there was error in the charge. *See* Tex. Penal Code Ann. § 38.04(a); Tex. Code Crim. Proc. Ann. art. 36.14. At trial, Munn did not object to the court's charge. Accordingly, we will conduct an egregious harm analysis. *See Marshall*, 479 S.W.3d at 843; *Taylor*, 332 S.W.3d at 489; *Almanza*, 686 S.W.2d at 171.

---

[2] The abstract portion of the charge did not include the operation of a motor vehicle, but it was included in the application paragraph. Munn does not complain about the absence of a motor vehicle in the abstract portion of the charge, so we do not address it in this opinion. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (West 2016).

In determining whether Munn suffered egregious harm because of the charge error, we first look to the charge in its entirety. *See Marshall*, 479 S.W.3d at 843; *Almanza*, 686 S.W.2d at 171. Despite the application paragraph not containing the requisite mental element that Munn knew Trooper Bass was a peace officer, the abstract portion of the charge expressly provided a "person commits an offense of [e]vading [a]rrest or [d]etention if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him." The charge also defined "peace officer" for the jury and noted in the application paragraph that Ramey Bass was "a peace officer employed by Department of Public Safety Highway Patrol[.]" Moreover, the abstract portion was contained on the same page of the charge as the application portion, and they were separated by a mere two paragraphs.

The evidence and testimony at trial showed Trooper Bass was in a marked vehicle with lights and sirens activated as he pursued Munn. Moreover, the video evidence at trial revealed other drivers were aware a police vehicle was attempting to make a stop as shown by vehicles moving to the shoulder and stopping as Trooper Bass approached.

The arguments of counsel contained explicit references to the "knowing" portion of the statute. The State argued in closing Munn intentionally fled from a

8

person he knew to be a peace officer and that the trooper was in a marked vehicle with the lights on.

The record further includes the State's voir dire of the jury panel telling them that it must prove the elements of the offense which were "that the defendant on a certain day in Polk County, Texas, intentionally or knowingly fled from a person he knew was a peace officer . . . attempting to lawfully arrest or detain him[.]" The trial court also read the indictment in front of the jury, which included the allegation Munn knew Trooper Bass was a peace officer.

An additional consideration to the foregoing is whether the error related to a "contested issue." *See Kucha v. State*, 686 S.W.2d 154, 156 (Tex. Crim. App. 1985); *see also Goff v. State*, 720 S.W.2d 94, 99 (Tex. Crim. App. 1986) (holding no egregious harm where error related to incidental theory of defense). In closing, the defense argued the key question was Munn's intent and whether he intended to flee from an officer. At trial, defense counsel asked Trooper Bass whether the vehicle was inspected for any mechanical issues that would explain Munn's failure to stop. This line of questioning was consistent with the defensive theory that Munn lacked intent. Although the defense pointed out Munn appeared to be in an altered mental state, there was never an argument that Munn was unaware Trooper Bass was a peace officer.

9

Based on the foregoing, we determine Munn did not suffer egregious harm because of the charge error. We overrule Munn's sole issue on appeal.

**Conclusion**

We conclude the trial court erred by not including the "knowing" language in the application portion of the charge to the jury; however, Munn did not suffer egregious harm as a result. Accordingly, we affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on August 15, 2018
Opinion Delivered October 31, 2018
Do Not Publish

Before McKeithen, CJ, Kreger and Johnson, JJ.