

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00165-CR

Gerardo Delrio **HERNANDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 8878
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:  Lori I. Valenzuela, Justice

Sitting:  Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: June 11, 2025

AFFIRMED

Appellant Gerardo Delrio Hernandez was indicted on one count of possession of a controlled substance. A jury found Hernandez guilty, and the trial court assessed punishment at four and one-half years' confinement. In one appellate issue, Hernandez argues that the trial court's jury charge was egregiously harmful. We affirm.

## BACKGROUND

On May 18, 2022, John Foster drove his in-laws' family ranch vehicle from Big Lake, Texas, to Kendall County, Texas, to bail a female out of the county jail. Hernandez accompanied Foster on the drive, riding in the front passenger seat. When the two arrived at the county jail, they parked next to sheriff's deputy Jose Escalante. Escalante, noticing the vehicle's registration had expired, asked Foster for his information and thereafter requested Foster and Hernandez to exit the vehicle. After initially refusing, Hernandez exited the passenger side of the vehicle and admitted to Escalante that he was in possession of marijuana. Escalante subsequently searched the vehicle and found a trash bag on the floorboard of the vehicle's front passenger side containing discarded refreshments and a black box. Inside the black box was methamphetamine. Hernandez was indicted on one count of intentionally and knowingly possessing methamphetamine in the amount of more than one gram but less than four grams. The case proceeded to a jury trial on September 25, 2023.

Testifying for the State, Escalante began his testimony by explaining to the jury the circumstances surrounding his initial contact with Foster and Hernandez. Escalante testified that Hernandez was in possession of the methamphetamine because he had the "most access" to it as it was "right near him, pretty much by his feet" and that he believed Hernandez knew the black box contained methamphetamine based on "the totality of the circumstances," including Hernandez's initial refusal to exit the vehicle, his body language, and the location of the black box on the floorboard of the seat where Hernandez was sitting. On cross-examination, Escalante told the jury that Hernandez denied the methamphetamine was his or that he knew it was in the vehicle.

Called by the defense, Foster testified that he was arrested the same day as Hernandez and that methamphetamine was found in his wallet.[1] When questioned about the methamphetamine found in the vehicle, Foster told the jury that neither the trash nor the black box found on the floorboard of the passenger seat was his and that he did not know the methamphetamine was in the vehicle. Foster testified to a letter written by Hernandez to Foster following their arrests that Foster interpreted as Hernandez inferring that Foster should take ownership of the methamphetamine found in the vehicle.

The defense also called Hernandez's brother, Armando Hernandez. Armando testified that he picked up Hernandez and Foster from jail after they had been released. He asserted that when talking during the drive home, Foster claimed responsibility for the methamphetamine.

Hernandez was the defense's final witness. Hernandez told the jury: that the trash bag on the floorboard was not his; that after Escalante initially took Foster's information and stepped away, Foster took the black box out of the visor on the driver's side and put it in the trash bag on the floorboard on Hernandez's side; and that Foster claimed responsibility for the methamphetamine in the vehicle. On cross-examination, Hernandez agreed that the trash bag containing the methamphetamine was at his feet, making it the most accessible to him and that, as he understood it, possession "would be whoever is in arm's reach."

The jury found Hernandez guilty, and the trial court sentenced him to four and a half years of confinement. In one appellate issue, Hernandez asserts that the trial court's jury charge failed to instruct the jury that to convict Hernandez, the jury needed to find that Hernandez knew the substance in the black box was methamphetamine.

---

[1] Prior to trial, Foster plead guilty to possession of a controlled substance, methamphetamine, in the amount of less than one gram.

## JURY CHARGE ERROR

*Standard of Review*

A trial court shall correctly submit the case to the jury by "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. art. 36.14. Our review begins with a determination of whether error exists in the charge and, if so, whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). The degree of harm necessary for reversal depends on whether the defendant preserved the error by objection. *Id.* Where, as here, the defendant did not object to the complained-over issue in the charge, we will not reverse for jury charge error unless the record shows "egregious harm" to the defendant. *Id.* at 743–44. "In examining the charge for possible error, reviewing courts must examine the charge as a whole instead of a series of isolated and unrelated statements." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (internal quotation marks omitted).

"Egregious harm" results from error affecting the very basis of the case, depriving the defendant of a valuable right, or vitally affecting a defensive theory. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Reversal is not required unless the error is so egregious that the defendant was denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

*Applicable Law and Analysis*

Hernandez argues that "[e]ffectively, the charge failed to instruct the jury that to convict, it was not only necessary to prove that [he] possessed the bag that contained the box that contained the contraband, but that [he] also had knowledge that there was contraband therein." "The application paragraph is that portion of the jury charge that applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations."

*Vasquez*, 389 S.W.3d at 366. "Because that paragraph specifies the factual circumstances under which the jury should convict or acquit, it is the 'heart and soul' of the jury charge." *Id.* at 367. However, before we recite the application paragraph of the charge in this case, we must discuss the elements of the criminal offense the State bore the burden to meet and the associated mens rea of those elements.

The jury found Hernandez guilty of possession of a controlled substance, methamphetamine. A conviction for possession of a controlled substance requires evidence that the defendant (1) knowingly or intentionally possessed the controlled substance and (2) knew that the substance was contraband. TEX. HEALTH & SAFETY CODE §§ 481.115(a), (d), 481.002(5), (38). The Texas Health & Safety Code classifies methamphetamine as a controlled substance. *Id*. § 481.102(6). "A person acts intentionally" when "his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE § 6.03(a). "A person acts knowingly . . . with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id*. § 6.03(b). "Proof of a culpable mental state almost invariably depends on circumstantial evidence, and a trier of fact can infer the requisite culpable mental state . . . from all the circumstances, including the acts, conduct, and remarks of the accused." *Schoen v. State*, ___S.W.3d___, Nos. 04-22-00022-CR, 04-22-00023-CR, & 04-22-00024-CR, 2023 WL 4095251, at *5 (Tex. App.—San Antonio June 21, 2023, pet. ref'd). Likewise, "possession," which means "actual care, custody, control, or management," can be established through direct or circumstantial evidence that "the defendant's connection with the drug was more than fortuitous." *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); TEX. PENAL CODE § 1.07(39).

As relevant here, after reciting the language from the indictment, the trial court's charge instructed the jury that:

> Our law provides that a person commits [possession of a controlled substance] if he knowingly or intentionally possesses a controlled substance in Penalty Group 1 of more than 1 gram but less than 4 grams including any adulterants or dilutants. Methamphetamine is a controlled substance listed in Penalty Group 1.
>
> A person acts "Intentionally" or with "Intent" with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct.
>
> A person acts "knowingly" or with "knowledge" with respect to a result of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.

The application portion of the charge instructed the jury as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 18th day of May 2022 in Kendall County, Texas, the Defendant, GERARDO DELRIO HERNANDEZ, did then and there knowingly or intentionally possess a controlled substance, namely methamphetamine, in an amount of one (1) gram or more but less than four (4) grams by aggregate weight, including any adulterants or dilutants, then you will find the Defendant GUILTY as charged in the indictment. Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict "NOT GUILTY."

The charge correctly instructs the jury on the law of knowingly or intentionally possessing a controlled substance, and that methamphetamine is a controlled substance under Texas law. *See* TEX. PENAL CODE § 6.03(a), (b); TEX. HEALTH & SAFETY CODE §§ 481.115(a), (d), 481.102(6), 481.002(38). The application paragraph requires the jury to find Hernandez knowingly possessed methamphetamine. TEX. HEALTH & SAFETY CODE §§ 481.115(a), (d), 481.102(6), 481.002(5), (38). The jury rendered a guilty verdict, thereby finding Hernandez knew the substance he possessed was methamphetamine—a controlled substance. Accordingly, based on a plain reading of the trial court's entire charge, we disagree with Hernandez's assertion that the charge allowed for a conviction without the jury finding that Hernandez knew the substance he was in possession

of was methamphetamine. *See Perez v. State*, 689 S.W.3d 369, 380 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.) (finding no charge error where trial court correctly applied the law to facts). Based on Hernandez's appellant arguments, we find no error in the trial court's jury charge. Therefore, it is unnecessary for us to conduct a harm analysis. We overrule Hernandez's sole appellate issue.

## CONCLUSION

We overrule Hernandez's single appellate issue and affirm the trial court's judgment.

Lori I. Valenzuela, Justice

DO NOT PUBLISH