007·15

In The
Texas Court of Criminal Appeals

Anthony Sorel Haywood    *              ORIGINAL
S.P.N. 01867799          *
1200 Baker St. 5D1B      *
Houston, Texas 77002     *   NO. 1373686;176th
        VS.              *   District Court
The State of Texas       *

* * * * * * * * * * * * * * * * * * * * * * * * *
PETITION FOR DISCRETIONARY
REVIEW
* * * * * * * * * * * * * * * * * * * * * * * *

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

Your Name, Anthony S. Haywood
Pro se Appellant

FILED IN
COURT OF CRIMINAL APPEALS

FEB 06 2015

Abel Acosta, Clerk

Page 1

# Index

List of Authorities..........................................

    I. Statement of the Case......................

  II. Procedural History of the Case..................

III Ground For Review.

    A. First Ground..............................

    B. Second Ground............................

    C. ETC.

IV. Reason For Review............................

    A. First Ground..............................

    B. Second Ground...........................

    C. ETC

V. Conclusion and Prayer.........................

VI. Certificate of Service.........................

Statement Regarding Oral Argument

Oral argument is ~~Not~~ requested by Appellant.

Identification of The Parties

Appellant give notice, Pursuant to Tex.R.App.P. 38.1, the following are interested parties in the appeal:

Counsel for the State:

Devon Anderson, District Attorney of Harris County.
Kyle Watkins, Assistant District Attorney at Trial.
Keri Fuller, Assistant District Attorney at Trial.
Alan Curry, Assistant District Attorney on Appeal.

Appellant:

Anthony Sobel Hayward
             Counsel for Appellant

Scott Pope, Attorney at Trial.
John Craig Still, Attorney at Trial.
Thomas J. Lewis, Attorney on Appeal.

Trial Judge:

Hon. Stacey Bond.

## I. Statement of the Case

Appellant was charged by indictment in Cause No. 1373686 with aggravated assault of Chris Charles threatening him with imminent bodily harm by using and exhibiting a firearm. (Clerk's Record, 10).

The indictment included an Enhancement paragraph alleging a prior felony conviction. (Id)

Appellant entered a plea of not guilty and a jury was empanelled. (Reporters Record, IV, 5).

The court declared a mistrial when a juror became incapacitated. (Reporter's Record, II, 96).

A second jury returned a verdict of guilty of the lesser included offense of deadly conduct by discharge of a firearm. (Clerk Record, 124).

The court found the Enhancement paragraph to be true and sentenced Appellant to a term of 6 year' imprisonment. (Id).

Appellant gave timely Notice of appeal and the court appointed the undersigned as Attorney on Appeal. (Id. 128, 131). The court certified Appellant's rights to appeal. (Id, 130).

## II. Procedural History of the Case

On the evening of January 11, 2013, Houston police officer Fuhlbrigge received a call to investigate a shooting. He met with the complaining witnesses who flagged him down at a parking lot. (Reporter's Record, IV, 12-14). Fuhlbrigge placed the complainant, identified as Chris Charles, in his cruiser after searching him and finding no weapons. (Id., 14). Charles directed Fuhlbrigge to the Coventry Square Apartments where the shooting had taken place. (Id. 15). Fuhlbrigge went to the apartment indicated by Charles and the door was opened by an unknown female. Appellant could be seen inside the apartment and identied himself to the officer. (Id. 16).

Fuhlbrigge detained Appellant. While in custody, Appellant said "I gave the gun to somebody else." (Id., 18). Appellant said he got into an argument with Charles. As Charles was leaving, Appellant felt threatened. Appellant went back inside, got a gun, and fired in the direction of Charles. (Id., 19). The bullet struck the car occupied by Charles, his girlfriend Lataya Simmons, and her 6-year-old son, causing damage to the window and door frame (Id 29, 32). Fuhlbrigge arrested Appellant for assault. (Id., 32.) There was little further investigation.

No bullets or casings were recovered, no ballistics tests were performed, and Appellant's hands were not bagged for gunshot residue.

(Id., 34-37). According to Fuhlbrigge, No tests were done because Appellant admitted shooting a Charles. (Id., 43). No warrant was sought for the gun because Appellant admitted disposing of it.

Chris Charles took the stand and admitted that he was parolee with two prior felony conviction. (Id, 52-53). He had known Appellant for eight years.

Charles had arranged to meet Appellant that Night to buy marijuana for his girlfriends Aunt. (Id, 54-55) Charles arrived at the scene, leaving his girlfriend Latoya Simmons and her 6-year-old son in the car while he met Appellant at the door of his apartment. (Id, 59). Charles got into an Argument with Appellant over the amount and price of the marijuana; He called his girlfriend girlfriend on her cell phone and they agree Not to buy it. (Id 62-61). Tempers flared and Charles banged the door on the way out of Appellant's Apartment.

As Charles walk to the car, Appellant followed. (Id-62-64). Charles got in the car and told his girlfriend to back up. As she hit the gas, Appellant fired a shot. (Id 68-70). They got away, and flagged down the police after Noticing a bullet hole in the windshield. (Id 71-74). "Latoya Simmons" described how she and Charles planned to buy marijuana for her Aunt. She drove Charles to Appellant apartment, with her six year old son Seated in the back Seat.

(Id. 89-92). After the drug deal went bad, she saw Appellant approaching the car but she did or couldn't hear what he was saying. As she was backing up the car she heard Charles urging her to hurry. (Id. 95-98). She heard a gunshot but did not see the flash. (Id. 99-100). She couldn't see if Appellant had anything in his hand, but she and Charles called Appellant's cellphone and heard him say he fired in the air. (Id. 100, 107).

III    Ground For Review

A.) First Ground:
1.) The judge's ruling allowing the prosecutor to go into your Statement to the police officer about the gun. (That was suppress Statement that was granted.)

B.) Second Ground:
2.) The judge denying strikes for cause against prospective jurors who indicated they could not give me presumption of innocence. (That Means i was already found guilty before trial started.)

C.) Third Ground:
3.) Illegal Search and Seizure. (Coming into Apartment without a Search Warrant and pulling me out of Apartment and Searching for a gun.)

D.) Fourth Ground
4.) (Breaking the chain of Evidence.)

E.) Fifth Ground:
5.) Insufficient Evidence.
   (There were any recovered.)

F.) Six Ground:
   Denied of effective Assistant of Trial Attorney.
(never objected to alot of questions.)

IV        Reasons for Review

A) First Ground:
1). Ineffective of Trial Counsel.
I feel i did not get represented to the best of his ability.

B) Second Ground:
2) Violation of my Constitutional Rights.
(Never reading me my Miranda Rights)

C) Third Ground:
3) The lack of evidence and false Allegations that was made against me.

D) Fourth Ground:
4) Evidents that was used were Not taking by the police that did investigation.
But was subpeona by a Insurance Ajuster.
That's a Civil matter Not a Criminal.

## Prayer for Relief

Wherefore, Premises Consider, Appellant prays this Court to Consider each and every point of error raised herein, to reverse Appellant's Conviction and remand for a new trial, OR fashion a remedy Consistent with justice and the law.

Anthony S. Haywood
SPN 01867799
1200 Baker St. 5D1B
Houston, Texas 77002

## Certificate of Service

I, the pro se Appellant, hereby Certify that a true copy of the foregoing appellate brief was Served on this the 26 day of January, 2015, on Appellant, State's Appellant is his pro se Counsel, By U.S. mail.

Anthony S. Haywood

Opinion issued December 11, 2014



In The

# Court of Appeals

For The

## First District of Texas

———————————

## NO. 01-13-00994-CR

———————————

### ANTHONY SOREL HAYWOOD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

———————————

### On Appeal from the 176th District Court
### Harris County, Texas
### Trial Court Case No. 1373686

———————————

### MEMORANDUM OPINION

Appellant Anthony Sorel Haywood was charged by indictment with aggravated assault of complainant Chris Charles by threatening him with imminent bodily harm by using and exhibiting a firearm. A jury found Haywood guilty of the lesser-included offense of deadly conduct by discharge of a firearm. The trial

court found the indictment's enhancement paragraph true, and sentenced Haywood to six years' imprisonment. In two issues, Haywood contends that the trial court erred in ruling that Haywood opened the door to his custodial statements and in denying seven challenges for cause during voir dire. We affirm.

## Background

The complainant Charles drove to Haywood's apartment intending to purchase marijuana. Charles went inside Haywood's apartment while his girlfriend, Latoya Simmons, and her six-year old son remained in the car. Charles and Haywood disagreed about the price of the marijuana. Charles testified he left the apartment and Haywood followed him outside. Haywood fired a gun as the car drove away. The bullet hit Charles's car, but no one inside was hit.

Simmons called the police, and Charles directed them to Haywood's apartment. Officer Fuhlbrigge of the Houston Police Department detained, handcuffed, and took Haywood outside of the apartment. When Officer Fuhlbrigge asked Haywood whether he had a gun, Haywood said that he gave the gun to a friend. Haywood also told Officer Fuhlbrigge that he fired his gun at Charles because he was afraid that Charles had a knife.

The trial court suppressed Haywood's statements. When Haywood cross-examined Officer Fuhlbrigge, Haywood sought to show the jury that Officer Fuhlbrigge conducted a sloppy investigation. In response to counsel's questions,

Officer Fuhlbrigge admitted that his investigation was not exhaustive: he did not collect shell casings, conduct ballistic testing on Charles's car, conduct a gunshot residue test on Haywood's hands, or obtain a warrant to search Haywood's apartment. When Haywood's counsel asked Officer Fuhlbrigge why he did not conduct a more thorough investigation, Officer Fuhlbrigge responded, "we just didn't, sir." He also said, "Based on the statements that we received that day, sir, we thought that was enough, enough evidence."

The trial court ruled that Haywood opened the door to the admission of Haywood's previously-suppressed statements and allowed the prosecutor to ask Officer Fuhlbrigge "very narrow and direct questions about why no search warrant [was sought] and why not bag his hands." Officer Fuhlbrigge testified that he did not perform these tasks because Haywood had admitted to him that he fired a gun at Charles's car and then gave the gun to a friend.

## Challenges of Jurors for Cause

In his second issue, Haywood contends that the trial court erred by denying him seven additional challenges for cause.

## A.    Standard of Review

We review a trial court's ruling on a challenge for cause with "considerable deference" because the trial court is in the best position to evaluate the venireperson's demeanor and responses. *Russeau v. State*, 171 S.W.3d 871, 879

3

(Tex. Crim. App. 2005); *Blue v. State*, 125 S.W.3d 491, 497 (Tex. Crim. App. 2003). "When the record does not contain a clearly objectionable declaration by the venireperson, or the record demonstrates a vacillating or equivocal venireperson, we accord 'great deference' to the trial judge who had the better opportunity to see and hear the person." *Swearingen v. State*, 101 S.W.3d 89, 99 (Tex. Crim. App. 2003).

We will reverse a trial court's ruling on a challenge for cause "only if a clear abuse of discretion is evident." *Blue*, 125 S.W.3d at 497 (citation omitted). We review the totality of the voir dire testimony to determine whether it supports the trial court's finding with respect to whether the prospective juror is able to follow the law as instructed. *See King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000); *Murphy v. State*, 229 S.W.3d 334, 339 (Tex. App.—Amarillo 2006, pet. ref'd).

**B.  Applicable Law**

A veniremember who cannot presume the defendant's innocence is challengeable for cause based upon a bias against the law.  *See Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999) (citing *Banda v. State*, 890 S.W.2d 42, 55 (Tex. Crim. App. 1994) (en banc)); *see also* TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(2) (West 2006) (defendant may make challenge for cause when prospective juror has bias against the law).  For challenges based upon an alleged

4

bias against the law, the relevant inquiry is whether the veniremember's beliefs would "prevent or substantially impair him from following the law as set out in the trial court's instructions and as required by the juror's oath." *Swearingen*, 101 S.W.3d at 99 (citing *Lagrone v. State*, 942 S.W.2d 602, 616 (Tex. Crim. App. 1997)).

Before a prospective juror can be excused for cause on this basis, the law must be explained to him and he must be asked whether he can follow that law regardless of his personal views. *Jones v. State*, 982 S.W.2d 386, 390 (Tex. Crim. App. 1998). The proponent of a challenge for cause has the burden of establishing his challenge is proper. *Feldman v. State*, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002). The proponent does not meet his burden until he has shown that the venireperson understood the requirement of the law and could not overcome his prejudice well enough to follow it. *Id.*

## C. Analysis

During voir dire, the trial court advised the veniremembers that they "must be able to presume a person innocent." Haywood's counsel also told the veniremembers:

> Now, the presumption of innocence, as the judge talked about, is that the State has the entire burden. The defendant has no burden whatsoever and therefore he's presumed innocent. Right? If you-all had to vote right now as to whether he's guilty or innocent, Mr. Haywood as he sits here right now is what?

5

The veniremembers responded in unison, "Innocent."

During vior dire, Haywood's counsel asked the veniremembers to rank their "ability" to presume Haywood's innocence based on a range of 0–10, with zero meaning the juror presumes Haywood innocent and ten meaning the veniremember presumes him to be "very guilty":

> [H]ow would you rate your ability to presume Mr. Haywood to be innocent? All right. And let me be specific in the understanding of this. To me, in order to be qualified to sit in the jury box your answer should be zero, right? If I give you a range of zero to ten, zero being I can presume him to be innocent, and ten being I presume him to be very guilty, right. So that's the range. Zero I presume him to be innocent; ten, my ability to presume his innocence is not good because I think he's very guilty, right, just as he sits here today.
>
> &#42;&#42;&#42;
>
> So, again, the presumption of innocence is zero, and in order to be on the jury, it's my contention you need to say zero, right? But I want you to say whatever number you think. If your ability to presume him to be innocent right now is zero say zero. If it's somewhere in between zero and ten give me that number, zero being innocent, ten being very guilty.

39 of the 65 veniremembers ranked themselves at something other than zero. The parties agreed to strike 19 of those 39. Haywood's counsel challenged the remaining 20 for cause, but the trial court denied these challenges: "I think that your question asks them about rating their ability so it doesn't mean that they're not presuming [Haywood] innocent." Seven of the 20 veniremembers served on the jury.

6

Haywood contends that the seven veniremembers' nonzero answers established their inability to follow the law regarding the presumption of innocence and that the trial court erred in denying his challenges for cause. This court recently addressed a similar issue in *Donaldson v. State*, No. 01-12-00270-CR, 2014 WL 1004247 (Tex. App.—Houston [1st Dist.] Mar. 13, 2014, pet. ref'd) (mem. op., not designated for publication). In *Donaldson*, appellant's trial counsel advised the veniremembers to presume Donaldson innocent and later asked if they had "some position about whether [Donaldson was] presumed to be innocent." *Id.* at *4. Donaldson's counsel told the veniremembers to give an answer based on a scale of zero to ten where ten means that the veniremember "absolutely knows he's guilty." *Id.* On appeal, Donaldson argued that the veniremembers that provided a nonzero answer showed their inability to follow the presumption of innocence law and that, therefore, the trial court erred in denying his challenges for cause. *Id.* at *5. Following our sister court's decision in *Barnes v. State*, No. 14-04-00478-CR, 2005 WL 2420375 (Tex. App.—Houston [14th Dist.] Aug. 25, 2005, no pet.) (mem. op., not designated for publication), we held that the trial court did not abuse its discretion in denying Donaldson's challenges for cause because counsel's question "amounted to no more than a survey of veniremembers' personal feelings." *Donaldson*, 2014 WL 1004247, at *5. The *Donaldson* court reasoned that "counsel failed to prove that the prospective jurors who gave nonzero answers

7

were properly challengeable for cause because he did not ask whether they could follow the law despite their prejudices." *Id.*; *see Barnes*, 2005 WL 2420375, at *3 (trial court did not err in denying appellant's challenges because counsel failed to ask challenged veniremembers whether their personal beliefs would make them unable to presume appellant's innocence).

Here, Haywood's counsel asked the veniremembers to "rate [their] ability to presume Mr. Haywood to be innocent." His complaint fails for the same reason described in *Donaldson*. Counsel failed to ask whether any of the veniremembers who provided nonzero answers could follow the law on the presumption of innocence despite their prejudices. *See Donaldson*, 2014 WL 1004247, at *5. We thus conclude that Haywood did not meet his burden to show that the veniremembers understood the law and could not overcome their prejudices well enough to follow it. *See Feldman*, 71 S.W.3d at 747 (proponent does not meet burden until he has shown that venireperson understood requirement of law and could not overcome his prejudice well enough to follow it). Accordingly, the trial court did not abuse its discretion in denying Haywood's challenges for cause.

We overrule Haywood's second issue.

**Opening the door to Haywood's oral statements**

## A.    Standard of Review and Applicable Law

We review a trial court's ruling on admissibility under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). Evidence that is otherwise inadmissible may be admitted to correct a false impression left by the questioning of a witness. *See Wheeler v. State*, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002). Thus, inadmissible evidence may be admitted if the party against whom the evidence is offered opens the door, provided the evidence does not stray beyond the scope of the invitation. *Schultz v. State*, 957 S.W.2d 52, 71 (Tex. Crim. App. 1997). This is true even of statements that are inadmissible because they constitute custodial interrogations obtained without *Miranda* warnings. *See Harris v. New York*, 401 U.S. 222, 224–25 (1971) (defendant opened door to statement taken in violation of *Miranda* to be used for impeachment purposes).

## B.    Analysis

In his first issue, Haywood contends that the trial court erred in admitting his oral statements in which he admitted to Officer Fuhlbrigge that he fired the gun at Charles's car and then gave the gun to his friend. The State argues that Haywood opened the door to their admission by asking Officer Fuhlbrigge why he failed to take certain steps during the investigation. The State argues that this line of

questioning created the false impression before the jury that Officer Fuhlbrigge's investigation was shoddy. We agree with the State.

Haywood's counsel asked Officer Fuhlbrigge whether he bagged Haywood's hands to preserve evidence to conduct a gunshot residue test. Officer Fuhlbrigge testified that he did not. When Haywood's counsel asked why Fuhlbrigge did not, Officer Fuhlbrigge testified "we just didn't, sir." Haywood's counsel also asked Officer Fuhlbrigge why he did not obtain a search warrant for Haywood's apartment, and Officer Fuhlbrigge responded, "Based on the statements that we received that day, sir, we thought that was enough, enough evidence." Because Haywood's statements were suppressed, Officer Fuhlbrigge was unable to explain to the jury that there was no need to test Haywood's hands for gunshot residue or to search his apartment for the gun because Haywood had admitted firing the gun and told Officer Fuhlbrigge that the gun was not inside Haywood's apartment. We thus conclude that Haywood's counsel's questions regarding why Officer Fuhlbrigge did not bag Haywood's hands or obtain a search warrant for Haywood's apartment left a false impression before the jury that Officer Fuhlbrigge conducted a shoddy investigation. Accordingly, Haywood opened the door to the admission of his oral statements. *See Sandoval v. State*, No. 14-05-00389-CR, 2006 WL 3433805, at *1–2 (Tex. App.—Houston [14th Dist.] Nov. 30, 2006, pet. ref'd) (mem. op., not designated for publication) (appellant

10

opened door to admission of his oral statement that he purchased drugs to explain detective's failure to request handwriting analysis and correct false impression with jury).

Haywood contends that his statement should not have been admitted even if he opened the door because the statement was "inadmissible in its own right." In support of his argument, Haywood cites to a three-judge plurality opinion in *Kipp v. State*, 876 S.W.2d 330 (Tex. Crim. App. 1994). That opinion reasons that opening the door to evidence does not render that evidence admissible "in any form, including hearsay." *Id.* at 337. But plurality opinions are not binding precedent. *Vasquez v. State*, 389 S.W.3d 361, 370 (Tex. Crim. App. 2012). Accordingly, we are not required to follow the plurality opinion in *Kipp. See id.* (court of appeals was not required to follow plurality opinion because it has "no binding precedential value"). Further, even were it a majority opinion, the plurality analysis in *Kipp* does not support Haywood's argument, because Haywood's counsel opened the door to the admission of Haywood's custodial statement, and his statement was otherwise admissible as a statement by a party and an admission against interest.

Accordingly, we hold that the trial court did not abuse its discretion in admitting Haywood's statements. *See Harris*, 401 U.S. at 224–25 (defendant opened door to statement taken in violation of *Miranda* to be used for

11

impeachment purposes); *Walker v. State*, No. 01-98-00394-CR, 1999 WL 826203, at *5 (Tex. App.—Houston [1st Dist.] Sept. 14, 1999, pet. ref'd) (opin., not designated for publication) ("We note that while this evidence would normally be inadmissible because it constituted custodial interrogation without *Miranda* warnings, counsel's questions created an incomplete picture of the evidence and incriminating facts; therefore, the door was opened for admission of appellant's statement."); *see also Sandoval*, 2006 WL 3433805, at *1–2 (appellant opened door to otherwise inadmissible oral statements to police that trial court had suppressed).

We overrule Haywood's first issue.

### Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.
Do not publish. TEX. R. APP. P. 47.2(b).