ACCEPTED
01-14-00722-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/25/2015 12:22:22 PM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00772-CR**

In the
Court of Appeals
For the
First Judicial District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/25/2015 12:22:22 PM

CHRISTOPHER A. PRINE
Clerk

———————◆———————

**No. 1384675**
In the 209th District Court of
Harris County, Texas

———————◆———————

**THANH KIM HOANG**
*Appellant*
v.
**THE STATE OF TEXAS**
*Appellee*

———————◆———————

STATE'S APPELLATE BRIEF

———————◆———————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**CARLY DESSAUER**
Assistant District Attorney

**NATHAN MOSS**
Assistant District Attorney

Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
Tel.:  713/755-5826
Fax No.:  713/755-5809

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 9.4(g) and Texas Rule of Appellate Procedure 39.1, the State does not requests oral argument as the issue involved in this appeal can adequately be determined from the record and established law but wishes preserve its right to present oral argument if this Court desires to submit this case through oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County
**Carly Dessauer** — Assistant District Attorney on appeal
**Nathan L. Moss** — Assistant District Attorney at trial
**David Bernard** — Assistant District Attorney at trial
    1201 Franklin Street, Suite 600, Houston, Texas 77002

Appellant or criminal defendant:

**Thanh Kim Hoang**

Counsel for Appellant:

**Charles Hinton** — Attorney on appeal
    P.O. Box 53719, Houston, Texas 77052

**Kurt B. Wentz** — Attorney at trial
    5629 FM 1960, Suite 115, Houston, Texas 77069

Trial Judge:

**Hon. Wayne Mallia**

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ....................................................... ii

IDENTIFICATION OF THE PARTIES ........................................................................ ii

TABLE OF AUTHORITIES ....................................................................................... iv

STATEMENT OF THE CASE ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 1

SUMMARY OF THE ARGUMENT ............................................................................ 3

REPLY TO APPELLANT'S POINT OF ERROR ........................................................ 3

I.  The jury charge did not erroneously instruct the jury on the intent appellant
    needed to be a party to capital murder........................................................................ 3

    a.  The jury charge correctly required that the jury only convict appellant as
        a party to capital murder if it found that he had the intent to promote or
        assist Bui in killing Tu......................................................................................... 6

    b.  Assuming for the sake of argument that the jury charge was erroneous,
        appellant was not egregiously harmed by the instruction. ................................. 10

CONCLUSION .......................................................................................................... 13

CERTIFICATE OF COMPLIANCE .......................................................................... 14

CERTIFICATE OF SERVICE .................................................................................... 15

APPENDIX ................................................................................................................. 16

# TABLE OF AUTHORITIES

**CASES**

*Almanza v. State*,
   686 S.W.2d 157 (Tex. Crim. App. 1984) ................................................................ 4, 10

*Holford v. State*,
   177 S.W.3d 454 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) ...................... 9, 10

*Nelms v. State*,
   No. 01-13-00689-CR, 2014 WL 3738065
   (Tex. App.—Houston [1st Dist.] July 29, 2014, pet. ref'd)
   (mem. op., not designated for publication) ............................................................. 7, 8

*Ngo v. State*,
   175 S.W.3d 738 (Tex. Crim. App. 2005) ...................................................................... 4

*Vasquez v. State*,
   389 S.W.3d 361 (Tex. Crim. App. 2012) ..................................................... 4, 5, 7, 8, 12

**STATUTES**

Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007) ....................................................... 5

Tex. Penal Code Ann. §7.01(a) (West 2011) ................................................................... 5

Tex. Penal Code Ann. §7.02(a)(2) (West 2011) ............................................................... 5

Tex. Penal Code Ann. §19.03(a)(2) (West Supp. 2014) .................................................. 5

Tex. Penal Code Ann. §29.02(a) (West 2011) ................................................................. 5

**RULES**

Tex. R. App. P. 9.4(g) ...................................................................................................... ii

Tex. R. App. P. 9.4(i) ...................................................................................................... 14

Tex. R. App. P. 38.2(a)(1)(A) ......................................................................................... ii

Tex. R. App. P. 39.1 ........................................................................................................ ii

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged with capital murder (CR at 11). Appellant entered a plea of not guilty and request a jury trial to determine guilt (CR at 96; 3 RR at 16). The jury found appellant guilty, and since the State did not seek the death penalty, the court assessed punishment at confinement for life without parole (CR at 112, 114; 5 RR at 37, 40). The court certified appellant's right to appeal, and appellant filed a timely notice of appeal (CR at 117-18).

## STATEMENT OF FACTS

Appellant and his co-defendant, Vu Bui, went to Tuan Tu's game room and café, Café Chieu Tim (3 RR at 24; 4 RR at 29). The two other patrons present, brothers Nghiep and Johnny Le, were playing pool when they arrived (3 RR at 123, 125; 4 RR at 13, 14; State's Ex. 43). Both brothers noticed the men as they were strangers, and the brothers were used to seeing only regulars at the café (3 RR at 125; 4 RR at 15-16). Indeed, Johnny was uncomfortable with them because, in addition to not knowing the men, they did not remove their jackets or sunglasses despite being inside and the weather being hot (3 RR at 126; State's Ex. 43). Appellant and Bui sat down at a table and ordered iced coffee (3 RR at 126, 142; 4 RR at 16; State's Ex. 43).[1] After about thirty minutes of sitting, smoking, and occasionally talking with Tu,

---

[1] Appellant's DNA could not be excluded from DNA found at the scene on a pair of glasses, a glass, and a cigarette butt (3 RR at 39, 50; 4 RR at 66, 70; State's 29, 58, 59).

1

appellant and Bui walked up to the three men, and Bui pulled out a gun (3 RR at 127, 148; 4 RR at 17, 18; State's Ex. 43).

Bui tapped the gun on Johnny's shoulder as he was facing the pool table and was unaware of the unfolding robbery (3 RR at 129-30, 143). Appellant was at his side, ready to assist Bui in controlling the men (3 RR at 131). Bui instructed them to kneel, and appellant then told Johnny "to lay down" (3 RR at 130, 131, 149; 4 RR at 17, 18). However, Tu, who had a concealed handgun, drew his weapon to defend himself and his business from appellant and Bui (3 RR at 69, 135). Tu and Bui exchanged gunfire (3 RR at 135, 136; State's Ex. 43). Bui shot at Tu until his gun was empty, hitting Tu twice in the chest and killing him (4 RR at 52; State's Ex. 43).

Both Bui and appellant fled the scene (3 RR at 138). Appellant was later apprehended by police, but at the time of trial, Bui had not yet been apprehended (3 RR at 79, 85).

The evidence presented at trial established that Bui, not appellant, had fired the fatal shots that hit Tu during their robbery, so the trial court instructed the jury that it could find appellant guilty of capital murder as a principle, party, or co-conspirator to the offense (CR at 97-103). APPENDIX. The court also instructed the jury on the lesser included offenses of felony murder and aggravated robbery (CR at 103-106). Appellant did not object to the charge at trial (4 RR at 101).

## SUMMARY OF THE ARGUMENT

The trial court did not err when it instructed the jury on appellant's requisite mental state to be guilty as a party to capital murder as the charge required the jury to find that appellant had the intent to promote or assist Bui with the robbery in addition to the intent to solicit, encourage, direct, aid, or attempt to aid Bui in shooting and killing Tu. Appellant's argument focuses on one portion of the jury charge and ignores that the charge as a whole correctly stated the law regarding party intent. Analyzed as a whole, the court did not err in its charge, and appellant's sole point of error should be overruled.

## REPLY TO APPELLANT'S POINT OF ERROR

**I.     The jury charge did not erroneously instruct the jury on the intent appellant needed to be a party to capital murder.**

In his sole point of error, appellant argues that the trial court erred in charging the jury on the law of parties when it instructed that before the jury could find appellant guilty of capital murder as a party, it "must find from the evidence beyond a reasonable doubt that [appellant] with intent to promote or assist in the commission of the offense of robbery, if any, solicited, encouraged, directed, aided, or attempted to aid Vu Bui in shooting Tuan Tu, if he did, with the intention of thereby killing Tuan Tu" (CR at 101). Appellant alleges that the instruction allowed the jury to find him guilty as a party if it only found that he had intent to promote or assist the robbery without also having the intent to promote or assist Tu's murder. Appellant's

3

argument focuses on the phrase that instructed the jury that it must find that appellant had the "intent to promote or assist in the commission of the offense of robbery" to support his claim (CR at 101). However, as the language of the whole charge shows, the court did not misinform the jury on appellant's requisite intent as a party to capital murder. The instruction, as a whole, correctly required that the jury had to find that appellant had the intent to assist or promote Bui both in the robbery and in killing Tu. As such, the court's instruction was not erroneous.

### Standard of Review

A reviewing court's first duty in analyzing a jury-charge issue is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). When examining the charge for possible error, reviewing courts "examine the charge as a whole instead of a series of isolated and unrelated statements." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)).

Only if the court finds error, it must then conduct a harm analysis depending on whether the appellant objected to the error. *Ngo*, 175 S.W.3d at 743. When a defendant does not object to the court's charge, the reviewing court can only reverse if the defendant suffered egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

4

## Applicable Law

A trial court must instruct the jury on the "law applicable to the case" when charging the jury. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). "Because the charge is the instrument by which the jury convicts, [it] must contain an accurate statement of the law and must set out all the essential elements of the offense." *Vasquez*, 389 S.W.3d at 366 (quoting *Dinkins*, 894 S.W.2d at 339).

A person commits the offense of capital murder if he intentionally or knowingly causes the death of an individual in the course of committing or attempting to commit robbery. TEX. PENAL CODE ANN. §19.03(a)(2) (West Supp. 2014). A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of property, the person intentionally, knowingly, or recklessly causes or threatens bodily injury to another. TEX. PENAL CODE ANN. §29.02(a) (West 2011).

"A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." TEX. PENAL CODE ANN. §7.01(a) (West 2011). To be criminally responsible for an offense committed by the conduct of another, the person must act with the intent to promote or assist the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person to commit the offense. TEX. PENAL CODE ANN. §7.02(a)(2) (West 2011).

*Analysis*

**a. The jury charge correctly required that the jury only convict appellant as a party to capital murder if it found that he had the intent to promote or assist Bui in killing Tu.**

In its instruction, the trial court charged the jury that it could find appellant guilty as a principle, as a party, and as a co-conspirator to the offense of capital murder (CR at 97-103). APPENDIX. Regarding the law of parties, the court first defined criminal responsibility as a party for the jury:

> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense (CR at 100-01).

The court then gave the jury an instruction involving the law of parties and appellant's charged capital murder:

> Before you would be warranted in finding [appellant] guilty of capital murder, [… ] you must find from the evidence beyond a reasonable doubt that [appellant], with the intent to promote or assist in the commission of the offense of robbery, if any, solicited, encouraged, directed, aided, or attempted to aid Vu Bui in shooting Tuan Tu, if he did, with the intention of thereby killing Tuan Tu (CR at 101).

Finally, the court gave the jury an application paragraph applying the law of parties to the facts of appellant's charged capital murder:

> If you find from the evidence beyond a reasonable doubt that on or about the 8th day of February, 2013, in Harris County, Texas, Vu Bui, did then and there unlawfully, while in the course of committing or attempting to commit the robbery of Tuan Tu, intentionally cause the death of Tuan Tu by shooting Tuan Tu with a deadly weapon, namely a firearm, and [appellant], with the intent to promote or assist the

6

commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid Vu Bui to commit the offense, if he did[…] then you will find the defendant guilty of capital murder, as charged in the indictment (CR at 102-03).

As is evident from the charge as a whole, the trial court did not erroneously instruct the jury on the law of parties in a way that would have allowed the jury to convict appellant of capital murder if it only found that he had the intent to promote or assist the commission of the offense of robbery as appellant alleges on appeal. *See Vasquez*, 389 S.W.3d at 366 (requiring reviewing courts to review the jury charge as a whole). As the charge stated in the paragraph appellant claims to be erroneous, the jury could only find appellant guilty of capital murder if it found that appellant had both the "*intent* to promote or assist in the commission of the offense of robbery" and "solicited, encouraged, directed, aided, or attempted to aid Vu Bui in shooting Tuan Tu, if he did, *with the intention of thereby killing* Tuan Tu (CR at 101) (emphasis added). The charge did not omit the requisite intent to kill as appellant claims.

Indeed, the jury charge in appellant's case is nearly identical to the charge recently analyzed by this Court in *Nelms v. State*. *Nelms v. State*, No. 01-13-00689-CR, 2014 WL 3738065, at *2 (Tex. App.—Houston [1st Dist.] July 29, 2014, pet. ref'd) (mem. op., not designated for publication). Nelms, like appellant, was convicted of capital murder; however, the aggravating element of his offense was the offense of burglary of a habitation. *Nelms*, 2014 WL 3738065, at *2. Nelms, like appellant, complained that the jury charge erroneously allowed the jury to find him guilty as a

7

party to capital murder if it found that he had the intent to be a party to the aggravating offense when it instructed the jury that "you must find from the evidence beyond a reasonable doubt that [Nelms], with the intent to promote or assist in *the offense of burglary of habitation*." *Nelms*, 2014 WL 3738065, at *3 (italics in original). Nelms, like appellant, argued that the correct instruction should have told the jury that his intent to promote or assist should have been directed towards the offense of capital murder instead of his aggravating offense of burglary of a habitation. *Nelms*, 2014 WL 3738065, at *3. However, appellant, like Nelms, failed to consider the charge as a whole when making his argument. *Nelms*, 2014 WL 3738065, at *3 (noting that jury charge also instructed the jury that it must find that Nelms "solicited, encouraged, directed, aided, or attempted to aid [Jones] in shooting [Nelson], if he did, *with the intention of thereby killing* [*Nelson* ]") (italics in original).

For the same reason that this Court rejected Nelms' argument, this Court should likewise reject appellant's identical argument after analyzing the charge as a whole. *See Vasquez*, 389 S.W.3d at 366. The court's entire jury charge involving appellant's guilt on theory of the law of parties correctly informed the jury that appellant needed the intent to promote or assist Bui with the robbery as well as the intent to promote or assist Bui in killing Tu before it could find appellant guilty of capital murder as a party (CR at 101, 102-03). *See Nelms*, 2014 WL 3738065, at *3. The sentence that appellant focuses on in his argument does mention that appellant intend to promote or assist the offense of robbery, but the court's instruction goes on

8

to state that appellant also needed the intent to solicit, encourage, direct, aid, or attempt to aid Bui in shooting Tu to be criminally responsible as a party to capital murder (CR at 101). Additionally, the application paragraph set out similar language as the sentence appellant focuses on in his brief but does not designate the offense of robbery to be the offense appellant had to intent to commit (CR at 102-03). Instead, the court instructed the jury that it could find appellant guilty only if it found beyond a reasonable doubt that appellant intended "to promote or assist the commission of the offense" (CR at 102-03).

In *Holford v. State*, this Court upheld the jury charge over Holford's claim that the charge allowed the jury to convict him as a party to capital murder if he intended to aid only in the robbery when the application paragraph "cautioned the jury" that it must also find intent to kill. *Holford v. State*, 177 S.W.3d 454, 460, 461 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (noting that the jury charge read: "Before you would be warranted in finding the defendant guilty of capital murder, ... you must find from the evidence beyond a reasonable doubt that the defendant, *David Charles Holford, with the intent to promote or assist in the commission of the offense of robbery, if any, solicited, encouraged, directed, aided, or attempted to aid Harold Louis Vaughn in cutting or striking Trevor Cook, if he did, with the intention of thereby killing Trevor Cook*") (italics in original). In *Holford*, this Court noted that, when "read logically," "the clause "solicited, encouraged, directed, aided or attempted to aid Harold Louis Vaughn to commit the offense" refers to the complainant's murder. *Holford*, 177 S.W.3d at 461. The same

9

logical reading applies to the party instruction in appellant's charge in which the clause "solicited, encouraged, directed, aided, or attempted to aid Vu Bui in shooting Tuan Tu" refers to Tu's murder (CR at 101).

Because the charge as a whole directed the jury that it needed to find that appellant had the intent to kill Tu before it could find him guilty as a party to capital murder, the court's charge is not erroneous. Therefore, this Court should overrule appellant's argument.

**b. Assuming for the sake of argument that the jury charge was erroneous, appellant was not egregiously harmed by the instruction.**

Assuming for the sake of argument that the trial court's charge erroneously instructed the jury regarding the required intent appellant needed to be guilty of capital murder as a party, appellant's conviction does not require reversal. *Almanza*, 686 S.W.2d at 171 (requiring that the defendant who does not object to the court's charge at trial to suffer egregious harm to obtain a reversal). Had the trial court's charge on party intent been erroneous, appellant, who did not object to the court's charge at trial, was not egregiously harmed by the jury instruction (4 RR at 101).

### *Standard of Review*

To determine whether a defendant has sustained egregious harm from a jury instruction, the reviewing court considers (1) the entire charge; (2) the state of the evidence, including contested issues; (3) arguments of counsel; and (4) any other relevant information. *Holford*, 177 S.W.3d at 461.

***Analysis***

The jury charge did not egregiously harm appellant because, not only did the charge correctly instruct the jury correctly on the law of parties, the court also instructed the jury that appellant could be guilt as the primary actor or as a conspirator to the offense. While the evidence would not have supported appellant's conviction as a primary, the evidence proved beyond a reasonable doubt that appellant was guilty as a party as well as a co-conspirator, and the jury could have found him guilty under either theory.

Eyewitness testimony, surveillance video, and DNA evidence put appellant at the scene of the offense (3 RR at 39, 50, 125-26; 4 RR at 13, 66, 70; State's 29, 40; 43, 58, 59). The evidence showed that appellant and Bui entered the café together and that they did not need to tell each other what they were doing when they initiated the robbery, inferring prior planning (3 RR at 123, 125, 127, 147-48; 4 RR at 18). The evidence established that appellant acted in concert with Bui by following him, ready to provide assistance when Bui threated Tu and the Le brothers with his loaded gun, and appellant instructed the robbery victims to comply with their demands (3 RR at 129-31). Indeed, Johnny testified that when Bui placed his gun on his shoulder, appellant instructed him to lay down on the ground (3 RR at 149). Further, both Le Brothers testified that appellant was not surprised or afraid when Bui pulled out his gun (3 RR at 147, 149; 4 RR at 19, 20).

The arguments of counsel also establish that appellant was not egregiously harmed by the trial court's instruction as both the State and appellant's statements to the jury agreed that the evidence only supported appellant's guilt as a party or co-conspirator and both discussed the requisite intent appellant needed to be a party to capital murder (5 RR at 5, 8, 9, 14, 25). *See Vasquez*, 389 S.W.3d at 371-72 (discussing how both the prosecutor and Vasquez discussed party liability in their closing arguments when holding the jury charge error harmless). Appellant's argument pointed the jury to the lesser included offenses of felony murder and aggravated robbery because appellant claimed that the evidence did not support his intent to kill Tu (5 RR at 8, 9-10). Because the arguments of counsel reiterated to the jury that appellant needed to intend to kill Tu to be guilty as a party to capital murder, he was not egregiously harmed by the error, if any, in the jury charge.

Indeed, the record, through the entire jury charge, the state of the evidence, and the arguments of counsel, supports that even if the trial court erred in its jury instruction on the intent needed for the jury to find appellant guilty as a party to capital murder, appellant was not egregiously harmed by the error. However, this Court does not need to depend upon an analysis of harm to uphold appellant's conviction as the trial court did not err in its charge. Therefore, this Court should overrule appellant's sole point of error.

## CONCLUSION

Based on the arguments stated above, the State of Texas respectfully urges the Court to overrule appellant's point of error and affirm his conviction.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083
dessauer_carly@dao.hctx.net
curry_alan@dao.hctx.net

13

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 3,238 words, based upon the representation provided by the word processing program that was used to create the document. TEX. R. APP. P. 9.4(i).

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083

14

## <u>CERTIFICATE OF SERVICE</u>

The State will serve a copy of the foregoing instrument to appellant's attorney

though TexFile:

Charles Hinton
Attorney at Law
P.O. Box 53719
Houston, Texas 77052-3719
chashinton@sbcglobal.net

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083

Date:  June 25, 2015

15

# **APPENDIX**

CAUSE NO. 1384675

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 209TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| THANH KIM HOANG | § | JULY TERM, A. D., 2014 |

Members of the Jury:

The defendant, Thanh Kim Hoang, stands charged by indictment with the offense of capital murder, alleged to have been committed on or about the 8th day of February, 2013, in Harris County, Texas. The defendant has pleaded not guilty.

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual.

A person commits the offense of capital murder if he intentionally commits murder, as hereinbefore defined, in the course of committing or attempting to commit the offense of robbery. Robbery is a felony offense.

A person commits the offense of felony murder if he commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

A person commits the offense of robbery if, in the course of committing theft, and with intent to obtain or maintain control of property of another he intentionally or knowingly causes bodily injury to another.

Certified Document Number: 62067440 - Page 1 of 17

A person commits the offense of aggravated robbery if he commits robbery, as hereinbefore defined, and he:

(1) causes serious bodily injury to another; or

(2) uses or exhibits a deadly weapon.

"In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in the immediate flight after the attempt or commission of theft.

"Attempt" to commit an offense occurs if, with specific intent to commit an offense, a person does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended.

"Theft" is the unlawful appropriation of property with intent to deprive the owner of property.

"Appropriation" and "appropriate", as those terms are used herein, means to acquire or otherwise exercise control over property other than real property. Appropriation of property is unlawful if it is without the owner's effective consent.

"Property" as used herein means tangible or intangible personal property or documents, including money, that represents or embodies anything of value.

"Deprive" means to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner.

"Effective consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to

act for the owner. Consent is not effective if induced by deception or coercion.

"Owner" means a person who has title to the property, possession of property, or a greater right to possession of the property than the actor.

"Possession" means actual care, custody, control, or management of the property.

"Deadly weapon" means a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

The definition of intentionally relative to the offense of capital murder is as follows:

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

The definitions of intentionally or knowingly relative to the offense of murder are as follow:

Certified Document Number: 62067440 - Page 3 of 17

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

The definitions of intentionally or knowingly relative to the offenses of robbery and aggravated robbery are as follow:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the

Certified Document Number: 62067440 - Page 4 of 17

offense. Mere presence alone will not constitute one a party to an offense.

If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

By the term "conspiracy" as used in these instructions, is meant an agreement between two or more persons with intent, that they, or one or more of them, engage in conduct that would constitute the offense. An agreement constituting a conspiracy may be inferred from acts of the parties.

Before you would be warranted in finding the defendant guilty of capital murder, you must find from the evidence beyond a reasonable doubt not only that on the occasion in question the defendant was in the course of committing or attempting to commit the felony offense of robbery of Tuan Tu, as alleged in this charge, but also that the defendant specifically intended to cause the death of Tuan Tu, by shooting Tuan Tu, with a deadly weapon, namely a firearm; or you must find from the evidence beyond a reasonable doubt that the defendant, Thanh Kim Hoang, with the intent to promote or assist in the commission of the offense of robbery, if any, solicited, encouraged, directed, aided, or attempted to aid Vu Bui in shooting Tuan Tu, if he did, with the intention of thereby killing Tuan Tu; or you must find

from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Thanh Kim Hoang, entered into an agreement with Vu Bui to commit the felony offense of robbery of Tuan Tu, as alleged in this charge, and pursuant to that agreement they did carry out their conspiracy, and while in the course of committing said conspiracy, Vu Bui intentionally caused the death of Tuan Tu by shooting Tuan Tu with a deadly weapon, namely a firearm, and the murder of Tuan Tu was committed in furtherance of the conspiracy and was an offense that should have been anticipated by the defendant as a result of carrying out the conspiracy, and unless you so find, then you cannot convict the defendant of the offense of capital murder.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 8th day of February, 2013, in Harris County, Texas, the defendant, Thanh Kim Hoang, did then and there unlawfully, while in the course of committing or attempting to commit the robbery of Tuan Tu, intentionally cause the death of Tuan Tu by shooting Tuan Tu with a deadly weapon, namely a firearm; or

If you find from the evidence beyond a reasonable doubt that on or about the 8th day of February, 2013, in Harris County, Texas, Vu Bui, did then and there unlawfully, while in the course of committing or attempting to commit the robbery of Tuan Tu, intentionally cause the death of Tuan Tu by shooting Tuan Tu with a deadly weapon, namely a firearm, and that the defendant, Thanh Kim Hoang, with the intent to promote or assist the commission of

the offense, if any, solicited, encouraged, directed, aided or attempted to aid Vu Bui to commit the offense, if he did; or

If you find from the evidence beyond a reasonable doubt that the defendant, Thanh Kim Hoang, and Vu Bui entered into an agreement to commit the felony offense of robbery of Tuan Tu, and pursuant to that agreement, if any, they did carry out their conspiracy and that in Harris County, Texas, on or about the 8th day of February, 2013, while in the course of committing such robbery of Tuan Tu, Vu Bui intentionally caused the death of Tuan Tu by shooting Tuan Tu with a deadly weapon, namely a firearm, and the murder of Tuan Tu was committed in furtherance of the conspiracy and was an offense that should have been anticipated by the defendant as a result of carrying out the conspiracy, then you will find the defendant guilty of capital murder, as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, or if you are unable to agree, you will next consider whether the defendant is guilty of the lesser offense of felony murder.

Therefore, if you find from the evidence beyond a reasonable doubt that on or about the 8th day of February, 2013, in Harris County, Texas, the defendant, Thanh Kim Hoang, did then and there unlawfully, while in the furtherance of the commission or attempted commission of the felony of robbery of Tuan Tu, or in immediate flight from the commission or attempted commission of the felony of robbery of Tuan Tu, commit an act clearly dangerous

Certified Document Number: 62067440 - Page 7 of 17

to human life, to-wit: by shooting Tuan Tu with a deadly weapon, namely a firearm, that caused the death of Tuan Tu; or

If you find from the evidence beyond a reasonable doubt that on or about the 8th day of February, 2013, in Harris County, Texas, Vu Bui, did then and there unlawfully, while in the furtherance of the commission or attempted commission of the felony of robbery of Tuan Tu, or in immediate flight from the commission or attempted commission of the felony of robbery of Tuan Tu, commit an act clearly dangerous to human life, to-wit: by shooting Tuan Tu with a deadly weapon, namely a firearm, that caused the death of Tuan Tu, and that the defendant, Thanh Kim Hoang, with the intent to promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid Vu Bui to commit the offense, if he did; or

If you find from the evidence beyond a reasonable doubt that the defendant, Thanh Kim Hoang, and Vu Bui entered into an agreement to commit the felony offense of robbery of Tuan Tu, and pursuant to that agreement, if any, they did carry out their conspiracy and that in Harris County, Texas, on or about the 8th day of February, 2013, while in the course of committing such robbery of Tuan Tu, Vu Bui committed an act clearly dangerous to human life that caused the death of Tuan Tu by shooting Tuan Tu with a deadly weapon, namely a firearm, and that the murder of Tuan Tu was committed in furtherance of the conspiracy and was an offense that should have been anticipated by the defendant as a result of carrying out the conspiracy, then you will find the defendant guilty of felony murder.

Certified Document Number: 62067440 - Page 8 of 17

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, or if you are unable to agree, you will next consider whether the defendant is guilty of the lesser offense of aggravated robbery.

Therefore, if you find from the evidence beyond a reasonable doubt that on or about the 8th day of February, 2013, in Harris County, Texas, the defendant, Thanh Kim Hoang, did then and there unlawfully, while in the course of committing theft of property owned by Tuan Tu, and with intent to obtain or maintain control of the property, intentionally or knowingly cause serious bodily injury to Tuan Tu by shooting Tuan Tu with a deadly weapon, namely a firearm; or

If you find from the evidence beyond a reasonable doubt that on or about the 8th day of February, 2013, in Harris County, Texas, Vu Bui, did then and there unlawfully, while in the course of committing theft of property owned by Tuan Tu, and with intent to obtain or maintain control of the property, intentionally or knowingly cause serious bodily injury to Tuan Tu by shooting Tuan Tu with a deadly weapon, namely a firearm, and that the defendant, Thanh Kim Hoang, with the intent to promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid Vu Bui to commit the offense, if he did; or

If you find from the evidence beyond a reasonable doubt that the defendant, Thanh Kim Hoang, and Vu Bui entered into an agreement to commit the felony offense of robbery of Tuan Tu, and pursuant to that agreement, if any, they did carry out their

Certified Document Number: 62067440 - Page 9 of 17

conspiracy and that in Harris County, Texas, on or about the 8th day of February, 2013, while in the course of committing such robbery of Tuan Tu, Vu Bui caused serious bodily injury to Tuan Tu by shooting Tuan Tu with a deadly weapon, namely a firearm, and said offense was committed in furtherance of the conspiracy and was an offense that should have been anticipated by the defendant as a result of carrying out the conspiracy, then you will find the defendant guilty of aggravated robbery.

If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either capital murder on the one hand or felony murder or aggravated robbery on the other hand, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense of either felony murder or aggravated robbery.

If you have a reasonable doubt as to whether the defendant is guilty of any offense defined in this charge you will acquit the defendant and say by your verdict "Not Guilty."

Certified Document Number: 62067440 - Page 10 of 17

You are further instructed that if there is any evidence before you in this case regarding the defendant's committing an alleged offense or offenses other than the offense alleged against him in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, and even then you may only consider the same in determining the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose.

Certified Document Number: 62067440 - Page 11 of 17

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a right accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him.

In this case, the defendant has elected not to testify and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against him.

Certified Document Number: 62067440 - Page 12 of 17

A Grand Jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the question of guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you,

Certified Document Number: 62067440 - Page 13 of 17

and these instructions, you will acquit him and say by your verdict "Not Guilty."

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, but the law you shall receive in these written instructions, and you must be governed thereby.

After you retire to the jury room, you should select one of your members as your Foreperson. It is his or her duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto and signing the same as Foreperson.

During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

No one has any authority to communicate with you except the officer who has you in charge. After you have retired, you may communicate with this Court in writing through this officer. Any communication relative to the cause must be written, prepared and signed by the Foreperson and shall be submitted to the court through this officer. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the Court, or anyone else concerning any questions you may have.

Your sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this cause and

Certified Document Number: 62067440 - Page 14 of 17

restrict your deliberations solely to the issue of guilt or innocence of the defendant.

Following the arguments of counsel, you will retire to consider your verdict.

FILED
Chris Daniel
District Clerk

AUG 21 2014

Time:_____
Harris County, Texas
By_____ Deputy

Wayne Mallia, Judge Presiding
209th District Court
Harris County, TEXAS

Certified Document Number: 62067440 - Page 15 of 17

CAUSE NO. 1384675

| THE STATE OF TEXAS | § | IN THE 209TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| THANH KIM HOANG | § | JULY TERM, A. D., 2014 |

<u>CHOOSE ONE</u>

"We, the Jury, find the defendant, Thanh Kim Hoang, not guilty."

_____
Foreperson of the Jury

_____
(Please Print) Foreperson

"We, the Jury, find the defendant, Thanh Kim Hoang, guilty of capital murder, as charged in the indictment."

_Randi Plante_____
Foreperson of the Jury

_Randi Plante_____
(Please Print) Foreperson

**FILED**
Chris Daniel
District Clerk

AUG 2 1 2014

Time:_____
Harris County, Texas

By_____ Deputy

Certified Document Number: 62067440 - Page 16 of 17

"We, the Jury, find the defendant, Thanh Kim Hoang, guilty of felony murder."

_____

Foreperson of the Jury

_____

(Please Print) Foreperson

"We, the Jury, find the defendant, Thanh Kim Hoang, guilty of aggravated robbery."

_____

Foreperson of the Jury

_____

(Please Print) Foreperson

Certified Document Number: 62067440 - Page 17 of 17



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 19, 2015

Certified Document Number:        62067440 Total Pages:  17



Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**