**Opinion issued December 3, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00722-CR

———————————

**THANH KIM HOANG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case No. 1384675**

## MEMORANDUM OPINION

A jury convicted Thanh Kim Hoang of capital murder. *See* TEX. PENAL CODE § 19.03(a)(2). Because the State did not seek the death penalty, Hoang was automatically sentenced to life imprisonment. He appeals, and in his sole issue,

Hoang asserts that the trial court erred by improperly instructing the jury as to the requisite mental state of a party to capital murder.

Finding no reversible error in the charge, we affirm.

## Background

Tuan Tu owned and operated a café and game room in Houston. One afternoon, appellant Thanh Kim Hoang entered Tu's café along with Vu Bui and they ordered coffee. Two other patrons were playing pool. After speaking briefly with Tu and finishing their coffees, Hoang and Bui got up as if to leave the café. Bui then produced a handgun and ordered everyone in the café to kneel. Hoang told the customers to lie down.

Tu drew a firearm, and he exchanged gunfire with Bui. In the course of the firefight, several shots hit the walls and pool table in a wide spread. Bui fatally shot Tu several times in the chest and abdomen. The incident was witnessed by both patrons who had been playing pool, and it was captured by a surveillance camera. Bui and Hoang escaped together on foot.

Hoang was indicted for capital murder as both a party and co-conspirator to the crime. At trial, the defense theory was that the shooter, Bui, did not have the required intent to kill, and that Hoang did not have any intent to promote or assist the murder. The defense claimed that the wide spread of the bullet holes, along with the fact that Bui did not kill the other patrons instead of fleeing, showed that

2

there was no specific intent to kill. The defense further argued that there was insufficient proof that Hoang anticipated the murder, or that he aided or supported Bui in the shooting.

The State countered that the killing was intentional based on the fact that Bui fired multiple shots, and all were aimed at Tu. It argued that Bui and Hoang entered together, committed the crime together, and left together in a manner consistent with a shared plan. The State also theorized, based on the fact that Bui and Hoang let the patrons and owner see their faces, that originally they intended to kill everyone in the café so that they would not leave witnesses.

The jury charge included the following application paragraph instructing the jury on its possible findings regarding capital murder:

> Before you would be warranted in finding the defendant guilty of capital murder, you must find from the evidence beyond a reasonable doubt not only that on the occasion in question the defendant was in the course of committing or attempting to commit the felony offense of robbery of Tuan Tu, as alleged in this charge, that but also that the defendant specifically intended to cause the death of Tuan Tu, by shooting Tuan Tu, with a deadly weapon, namely a firearm; or you must find from the evidence beyond a reasonable doubt that the defendant, Thanh Kim Hoang, *with the intent to promote or assist in the commission of the offense of robbery*, if any, solicited, encouraged, directed, aided, or attempted to aid Vu Bui in shooting Tuan Tu, if he did, with the intention of killing Tuan Tu; or you must find from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Thanh Kim Hoang, entered into an agreement with Vu Bui to commit the felony offense of robbery of Tuan Tu, as alleged in this charge, and pursuant to that agreement they did carry out their conspiracy, and while in the course of committing said conspiracy, Vu Bui intentionally caused the death

3

of Tuan Tu by shooting Tuan Tu with a deadly weapon, namely a firearm, and the murder of Tuan Tu was committed in furtherance of the conspiracy and was an offense that should have been anticipated by the defendant as a result of carrying out the conspiracy, and unless you so find, then you cannot convict the defendant of the offense of capital murder.

(Emphasis supplied.) Hoang did not object to the charge. A jury found Hoang guilty of capital murder, and he appealed.

## Analysis

In his sole issue on appeal, Hoang argues that the trial court's charge improperly instructed the jury on the requisite mental state for a party to capital murder. Specifically, he claims that the charge only required the jury to find intent to commit robbery, rather than intent to promote or assist in the murder, before convicting him of capital murder. Hoang does not challenge the sufficiency of the evidence used to convict him, but solely the language of the jury charge and whether it was a correct statement of the law of party responsibility.

A person commits the offense of murder if he "intentionally or knowingly causes the death of an individual." TEX. PENAL CODE § 19.02(b)(1). A person commits the offense of capital murder if, among other possible circumstances, he commits the offense of murder while "in the course of committing or attempting to commit . . . robbery." *Id.* § 19.03(a)(2).

Texas Penal Code Chapter 7 sets forth the various ways in which a person can be criminally responsible for the conduct of another. *See id.* § 7.02. A person

4

can be criminally responsible if he acts "with intent to promote or assist the commission of the offense" and in doing so "solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2). Alternatively, a person can be criminally responsible if "in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators . . . if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy." *Id.* § 7.02(b).

When analyzing a jury charge, this court's first duty is to determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). In doing so, we "examine the charge as a whole instead of a series of isolated and unrelated statements." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)). If jury charge error is present, we review that error under the standard set forth in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985). When there is no objection to an erroneous jury instruction at trial, we reverse only if there is a showing of "egregious harm." *Id.* at 172.

The application paragraph of a jury charge "specifies the factual circumstances under which the jury should convict or acquit," and the law must be applied to the facts correctly for the conviction to be proper. *Vasquez*, 389 S.W.3d

at 367. When an application paragraph allows conviction under an invalid legal theory and it is impossible to tell which theory the jury relied upon, this can be egregious harm. *See, e.g.*, *Green v. State*, 233 S.W.3d 72, 86 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

In this case, the application paragraph set forth three separate circumstances, separated by semicolons, which could result in a capital murder conviction if found by the jury. The first would apply if Hoang himself shot Tu; it required a finding "that the defendant specifically intended to cause the death of Tuan Tu, by shooting Tuan Tu." The second, which is the one challenged by Hoang on appeal, allowed a capital murder conviction if he acted "with the intent to promote or assist in the commission of the offense of robbery, if any," and he "solicited, encouraged, directed, aided, or attempted to aid Vu Bui in shooting Tuan Tu, if he did, with the intention of killing Tuan Tu." This portion of the charge allowed the jury to convict on the aiding-and-abetting theory of party responsibility. *See* TEX. PENAL CODE § 7.02(a)(2). The third allowed Hoang's conviction as a co-conspirator if Vu Bui committed the murder in furtherance of a conspiracy. *See id.* § 7.02(b). The instructions allowed the jury to convict under any of these theories without specifying which one it used to find Hoang guilty, thus all three of the theories must be legally valid to support the conviction. *See Green*, 233 S.W.3d at 86.

The challenged aiding-and-abetting instruction was nearly identical to the one this court approved in *Holford v. State*, 177 S.W.3d 454 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). That instruction read:

> Before you would be warranted in finding the defendant guilty of capital murder, . . . you must find from the evidence beyond a reasonable doubt that the defendant, David Charles Holford, *with the intent to promote or assist in the commission of the offense of robbery, if any, solicited, encouraged, directed, aided, or attempted to aid Harold Louis Vaughn in cutting or striking Trevor Cook, if he did, with the intention of thereby killing Trevor Cook.* . . .

*Id.* at 461. This court held that the instruction properly cautioned the jury as to the elements required to convict Holford. *See id.*; *see also Nelms v. State*, 2014 WL 3738065 at *3–4 (Tex. App.—Houston [1st Dist.] July 29, 2014, pet. ref'd) (mem. op., not designated for publication). Like the instruction in *Holford*, the instruction given in this case required the jury to find that Hoang both intended to promote or assist the robbery and that he "solicited, encouraged, directed, aided, or attempted to aid Vu Bui in shooting Tuan Tu, if he did, with the intention of killing Tuan Tu."

Hoang argues that this instruction allowed the jury to convict him solely on the basis of intending the robbery and not the murder. He specifically identifies the portion of the instruction that requires a finding of "intent to promote or assist in the commission of the offense of robbery." Hoang claims that this language allowed the jury to convict based on a finding that he had merely the intent to

7

promote or assist the robbery. He asserts that the charge did not require the jury to find the element of intent to promote or assist the murder itself, which was essential to that theory of the charged offense.

However, read in its entirety, the charge did instruct the jury that before it could find Hoang guilty under the theory of the law of parties, it had to find that he participated in and intended both the robbery and murder. The broader context of the instruction challenged by Hoang included the requirement of intent to promote or assist the murder, stating:

> . . . you must find from the evidence beyond a reasonable doubt that the defendant, Thanh Kim Hoang, with the intent to promote or assist in the commission of the offense of robbery, if any, solicited, encouraged, directed, aided, or attempted to aid Vu Bui in shooting Tuan Tu, if he did, *with the intention of killing Tuan Tu . . . .*

(Emphasis supplied.)

As the charge instructed the jury to convict Hoang only if it found he had the requisite mental state for the offense, he has not demonstrated jury charge error, and is not entitled to any relief. *See Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). Accordingly, we overrule Hoang's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).